### No. 10,460.

BOARD OF COUNTY COMMISSIONERS OF ROUTT COUNTY v. MORNING.

Decided November 6, 1922.

Action to recover salary of clerical assistant of a county judge. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  OFFICERS—*Salary of Assistant to County Judge.* Under the provisions of section 8, chapter 123, S. L. 1921, a county judge has authority to fix the salary of his clerical assistant, subject only to the approval of the board of county commissioners, and when fixed by the judge and approved by the board, it is the established salary until the two parties who established it agree to change it.

*Error to the District Court of Routt County, Hon. Clarence J. Morley, Judge.*

Mr. F. R. CARPENTER, for plaintiff in error.

Mr. C. R. MONSON, Mr. A. M. GOODING, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error, as county judge of Routt county, acting under section 8 of chapter 123 of the Laws of 1921, at the beginning of his term in 1921, fixed the salary of the clerical assistant at the sum of $900, and the same was duly approved by the board of county commissioners. At the end of 1921 the commissioners, by resolution, reduced the salary to $600 a year, without consultation with the defendant in error. He thereupon appealed to the district court of Routt County, and that court held that the action of the county board was without authority, and entered judgment for the excess salary claimed by the defendant in error. The commissioners have brought the cause here for review, and ask for a supersedeas.

They contend that, under the established doctrine of this court that county commissioners are the business agents of the county, and have a wide discretion in the expenditure of county moneys, the reduction was within their power. We do not think, however, that the question is to be determined by a consideration of the general powers of the board. It is to be determined rather by the language of the statute, which reads:

"All county judges may appoint such clerical assistants and reporters as shall be necessary for the transaction of the business of their courts, at such compensation as shall be fixed by said judges, with the approval of the Board of County Commissioners."

This clearly gives to the county judge authority to fix the salary of his assistant subject only to the approval of the board of county commissioners. They have no independent authority in the matter. When the salary has been fixed by the judge and approved by the board, it is the established salary until the two parties which established it agree to change it. The district court's interpretation of the statute is correct. The supersedeas is accordingly denied, and the judgment affirmed.

MR. JUSTICE CAMPBELL not participating.