## No. 11,528.

## WATSON *v.* BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY.

Decided June 28, 1926. Rehearing denied September 20, 1926.

Action by assistant county treasurer for salary. Judgment for defendant.

### *Reversed.*

### *On Application for Supersedeas.*

1.  COUNTIES—*Offices and Officers—Assistant County Treasurer—Salary.* Where an assistant of the county treasurer was appointed by the treasurer and continued to act as such, it is held that the county commissioners by allowing and paying his bills as such assistant, approved his appointment, and that his salary could not be reduced by the board without the consent of the others interested.

2.  RATIFICATION—*Inference.* Ratification may be inferred from acquiescence after knowledge of all material facts, or from acts inconsistent with any other supposition.

3.      *Effect.* Ratification when made covers the whole agreement.

4.  APPEAL AND ERROR—*Findings.* The rule that the appellate court will not disturb fact findings of the trial court on review, has no application to cases in which the facts are undisputed.

*On Rehearing.*

5.   WORDS AND PHRASES—*"Assistance."*   In construing the words "clerical assistance" in connection with the words "deputies and assistants" as used in C. L. sec. 7940, it is held that the word "assistance" does not in itself imply temporary employment.

*Error to the District Court of Lincoln County, Hon. Arthur Cornforth, Judge.*

Mr. J. P. DEATHERAGE, for plaintiff in error.

Mr. ROBERT H. SCHAPER, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

WATSON, plaintiff below, sued the board of county commissioners of Lincoln county for his salary as assistant to the county treasurer.  Judgment was for defendant.  Plaintiff brings the case here on writ of error and asks for a supersedeas.

One Jones is treasurer of the county, for a two-year term, 1925-1927.  In January, 1925, Jones appointed Watson as an assistant in his office at a fixed salary, for the same term as his own, two years, or as long as they agreed.  The treasurer and assistant have not disagreed.  The treasurer did not notify the board of county commissioners of the appointment.  Jones had been treasurer and Watson his assistant for five or more years prior thereto, the latter working on the same salary.  Each month, Watson filed his claim with the board for services rendered.  The board had previously allowed and paid the bills, and did so for three months in 1925, at the same rate, and then reduced salaries, including Watson's, without the consent of either the treasurer or of Watson.  The question is, Did the board have a right to make the reduction?

C. L. 1921, section 7940 provides: "Deputies and assistants may be employed by county clerks, county treas-

urers, county assessors and county superintendents of schools, and their compensation and time of service shall be fixed by the official appointing them, with the approval of the board of county commissioners.''

Watson's compensation and time of service was fixed by Jones, the official appointing him. Watson claims also that the board approved the treasurer's act, which the board disputes.

The approval by the board, if at all, was by its recognizing and paying Watson's salary at the old rate, without objection, for three months in 1925, thus ratifying the employment and compensation to be paid. That is what happened. ''The board may ratify or settle allowances for clerk hire which it might have originally authorized, and where the board approves the claim of an appointee, it thereby fixes the amount of his compensation, under a statute not requiring the fixing to be at or before his appointment.'' 15 C. J. 507, sec. 173.

Ratification may be inferred from acquiescence after knowledge of all material facts, or from acts inconsistent with any other supposition. Dillon's Municipal Corporations (5th Ed.) sec. 797. It is axiomatic that the ratification, when made, covered the whole agreement. The time of employment was that which was fixed by the treasurer, not exceeding his own term.

That plaintiff is an assistant in the treasurer's office is not debatable in this case. The defendant board has admitted his employment by paying his salary at the old rate for three months, and by an unrestricted tender of a less amount for plaintiff's services, as such assistant, since that time. The fact that he has occupied the same place at the same salary, for 5 years or more, and that his services were willingly continued by the treasurer and board of county commissioners into the term of the present régime, at the same rate, is inconsistent with the unsupported theory of counsel for the board, that plaintiff is not a regular employee of the treasurer's office, or that he was hired only for temporary or special

service. *Thomas v. Whatcom County,* 82 Wash. 113, 143 Pac. 881.

Plaintiff's employment having been established, the only matter left for our decision is what he should have been paid for his services. It is plain that the treasurer has fixed the amount, and that it has been repeatedly approved by the board by allowance and payment, the most emphatic and certain way of expressing its assent. Such being the case, under the authority of *Board of County Commissioners of Routt County v. Morning,* 72 Colo. 200, 210 Pac. 326, the old rate is the established salary under plaintiff's present employment, and is not subject to change by one of the parties, without the consent of the others interested.

Counsel for the board invoke decisions of this court against reversals of judgments of trial courts, but here the essential facts are undisputed. We are obliged, however, to give a different interpretation of the law than that followed by the trial court.

The supersedeas will be denied, and the judgment reversed, with directions to enter judgment for plaintiff, according to the prayer of the complaint.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.

### On Rehearing.

Counsel for the board call our attention to the fact that Watson's vouchers, approved by the board, were for "clerical assistance." This is correct; but it is also a fact that C. L. 1921, section 7940, uses the words, "deputies and assistants." Counsel then proceeds to argue that the word "assistance" implies temporary employment. But the word itself contains no such limitation, and it would seem to be exceedingly plain that an assistant or helper in almost any work imaginable might be employed either temporarily or for a longer period, within statutory limitations. The reason why we re-

garded it not as a monthly employment, but for a two-year term, and the facts which constituted a ratification by the board, are all fully explained in the opinion. Petition for rehearing denied.