## No. 20,193.

Pauline R. Schroeder, County Superintendent of Schools of Jefferson County, v. The Board of County Commissioners of Jefferson County.

(381 P. [2d] 820)

Decided May 20, 1963.

314

Messrs. TINSLEY, ALPERSTEIN and FRANTZ, for plaintiff in error.

Messrs. BRADLEY, CARNEY & JOHNSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error was at the time of the bringing of this action in the trial court the County Superintendent of Schools. We will refer to her as Superintendent. Defendant in error was the Board of County Commissioners of Jefferson County.

The matter is submitted here under Rule 112 (e) R.C.P. Colo. on an agreed statement as to the judgment entered by the court and as to the limited portions of the record necessary for the determination of the questions involved.

The Superintendent entered upon the duties of her office on January 13, 1959, and, pursuant to authority under the state statutes, appointed a secretarial assistant and a "vacation period employee." The Superintendent, with the approval of the County Commissioners, set the salary at $3540.00 per annum for the secretarial assistant, and determined the compensation for the vacation period employee at $125.00. These sums were budgeted and paid by the County Commissioners in the year 1959 when the positions were first created and budgeted and paid through the fiscal year 1961. When the Board was preparing the county budget for the fiscal year 1962, the Superintendent presented her items for personnel services for the secretarial assistant and the vacation period employee among the expenses to be incurred by her of-

fice during the impending fiscal year, but the Board refused to allow the items for personnel services, and, in effect, determined to terminate the positions. The action was in the nature of mandamus to compel the County Commissioners to perform their duty to provide necessary funds for office personnel.

In trial to the court extensive testimony was taken as to the necessity for the position of secretarial assistant. The court entered findings that such position was not necessary and entered a judgment of "Dismissal as to Injunctive Relief." Motion for correction of judgment was filed, and after argument the court entered additional judgment in the amount of $500.00 against the County Commissioners for attorney fees.

By stipulation the County Commissioners agreed to place in a contingent fund the sum of $5000.00 pending determination of the controversy.

The Superintendent assigns as error the action of the court in holding that it was not necessary for the Superintendent to have a secretarial assistant and the error of the court in refusing to grant the relief prayed for. The County Commissioners assign as cross error the judgment against them for $500.00 attorney fees.

■ Power to appoint such assistants and employees as are necessary is vested in the County Superintendent of Schools by statute, C.R.S. '53, 56-2-10, as follows:

"Compensation of deputies and assistants. — The county clerks, county treasurers, county assessors and county superintendents of schools of the respective counties may appoint such deputies, assistants, and employees as shall be necessary at such compensation, payable monthly, as shall be fixed by said officers with the approval of the boards of county commissioners of their respective counties."

■ Pursuant to this authority, the Superintendent determined that the clerical assistant was necessary and set the compensation, which the Board agreed upon. That the Board thereafter has no unilateral power to

diminish the compensation was determined by this Court when a similar case was presented involving a county judge and the county commissioners. *Commissioners v. Morning,* 72 Colo. 200, 210 Pac. 326.

In the Morning case the statute involved was, with the exception of a few words, identical with the statute under consideration here. In that case the county judge appointed a clerical assistant, fixed the salary at $900.00, and obtained the approval of the board of county commissioners for that amount for the year 1921. At the commencement of the year 1922 the commissioners by resolution determined that the salary should be reduced to $600.00 a year. In setting aside the action of the commission, this Court, in an en banc decision, one Justice not participating, said that the question is not "* * * to be determined by a consideration of the general powers of the board. It is to be determined rather by the language of the statute, which reads:

" 'All county judges may appoint such clerical assistants and reporters as shall be necessary for the transaction of the business of their courts, at such compensation as shall be fixed by said judges, with the approval of the Board of County Commissioners.'

"This clearly gives to the county judge authority to fix the salary of his assistant subject only to the approval of the board of county commissioners. They have no independent authority on the matter. When the salary has been fixed by the judge and approved by the board, it is the established salary until the two parties which established it agree to change it. * * *"

In the case at bar the action of the County Commissioners was a more serious invasion of the province of the Superintendent of Schools. By eliminating the salary the Commissioners eliminated the position, and, in effect, substituted its determination of the necessity for an assistant when that prerogative is vested by law in the duly elected county official. The court in entering the finding determining that the assistant was not

necessary also invaded the province of the executive branch of the government and likewise was as powerless to take such action as were the Commissioners.

On the question of attorney fees, the court was correct. The Superintendent brought the suit in her official capacity as a county officer, and the employment was thus an office expense. That the County Commissioners must also provide the County Superintendent of Schools with "* * * other expenses of his office not otherwise provided for, which last mentioned expenses shall be paid for from the county general fund. * * *" is provided by C.R.S. 123-2-7, 1960 Perm. Supp.

The judgment of dismissal in the mandamus action is reversed and the cause remanded to the trial court with directions to issue a mandatory injunction requiring the County Commissioners to pay out of the contingent fund held therefor such expenses for personnel services, if any, as were incurred by the Superintendent during the fiscal year 1962, and to further order the Commissioners to restore the item to the budget for the current fiscal year if requested by the incumbent of the office. Judgment against the County Commissioners in the amount of $500.00 for attorney fees incurred by the office is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.