483 P.2d 1344 (1971)
Bruce JOHNSON, Marilynn S. Monroe, and H. R. Harward, Plaintiffs in Error,
v.
The BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, Colorado, Defendant in Error.
No. 23393.
Supreme Court of Colorado, In Department.
April 19, 1971.
Rehearing Denied May 10, 1971.
*1345 Roger M. Breyfogle, Canon City, for plaintiffs in error.
Rush & Rush, Salida, Schneider, Shoemaker, Wham & Cooke, Elwyn F. Schaefer, Denver, for defendant in error.
ERICKSON, Justice.
The District Attorney for the Eleventh Judicial District, his duly appointed Deputy District Attorney, and his clerk-typist were the plaintiffs in the trial court and are the plaintiffs in error here. The defendants in the trial court were the Board of County Commissioners of Chaffee County, Colorado, and are the defendants in error in this proceeding.
The disputed issues center around the right of the District Attorney to employ a Deputy District Attorney and a clerk-typist and the rights and duties of the County Commissioners of Chaffee County in approving or disapproving the appointments and the salaries set for the employees.
The Eleventh Judicial District is composed of Custer, Fremont, Park, and Chaffee Counties. The duties of the Deputy District Attorney and of the clerk-typist extend to the entire Judicial District. The budget which was submitted by the District Attorney to each of the counties was prorated on the basis of population, in accordance with the requirements of C.R.S.1963, 45-2-4, 45-3-8, and 45-3-12. The budget included the Deputy District Attorney, as well as the clerk-typist. The County Commissioners in all counties within the Eleventh Judicial District, with the exception of Chaffee County, approved the budget and paid their statutory share of the budget as it became due. Chaffee County honored its aliquot portion of the budget and paid for the services of the Deputy District Attorney and the clerk-typist for one month and then questioned the necessity and propriety of the appointment of both employees and elected not to make further payments. Thereafter, a suit in mandamus was commenced in the District Court under the provisions of C.R.C.P. 106, to compel the County Commissioners of Chaffee County to pay their prorata share of the salary of both the Deputy District Attorney and the clerk-typist. The case was heard by the Honorable John Mabry, who conducted a full hearing on the factual issues involved. Judge Mabry granted relief in favor of the Deputy District Attorney, H. R. Harward, but denied relief to the clerk-typist, on the basis that the evidence was insufficient to establish the necessity *1346 or propriety of the employment of the clerk-typist.
Thereafter, and prior to the prosecution of this writ of error, the County Commissioners complied with the court's order directing that the salary of the Deputy District Attorney be paid. The issues as to H. R. Harward are therefore moot, both as to salary and the right of the District Attorney to appoint the Deputy in question.
On writ of error, the only issue for determination is whether the District Attorney, under the provisions of C.R.S. 1963, 45-3-12(2), can hire a clerk-typist, in addition to a stenographer. An ancillary issue relates to the steps which the District Attorney must take to obtain approval from the County Commissioners, once the clerk-typist is hired. The legislative intent must be gleaned from the statute, which provides as follows:
"45-3-12. Special officersstenographers salaries.* * *
"(2) The district attorney of each judicial district in the state having a population of less than one hundred thousand as shown by the last decennial census is hereby authorized and empowered to appoint a special investigator, stenographer and such other technical and professional assistants as are necessary to assist him in properly transacting all of the business of his office. The salary and compensation for such employees and assistants shall be fixed by such district attorney in an amount commensurate with the services performed and the duties and responsibilities of such employees. The salaries of such persons so appointed shall be paid by the various counties within the judicial district, each county paying such proportionate part of said salaries as the population of such county bears to the whole population of such judicial district, according to the last preceding decennial census. Such budget shall be approved by the county commissioners."
The County Commissioners interpret the statute as prohibiting the District Attorney from appointing or employing more than one stenographer or clerk-typist. Therefore, the County Commissioners contend that their approval of the budget under protest was proper and that their refusal to pay the clerk-typist was justified by statute. The trial judge answered this contention by declaring:
"[I]t would appear to strain interpretation to construe this statute in such a manner that a district attorney in a district of up to 100,000 population can only have one employee whose function is the taking of dictation and the operation of a typewriter. If this is the case, Chaffee County should not be paying any portion of the secretarial help allowed by them to the assistant or deputy located in Chaffee County and of which they do not complain; therefore, it is obvious that the legislature intended that district attorney's offices should be staffed with such employees as are reasonably necessary to perform the duties incumbent on the district attorney and that the term stenographer as used in the statute is descriptive and not exclusive."
We believe that the trial judge was correct in his interpretation of the statute. We, however, do not agree with the trial judge in his determination that the evidence was insufficient to establish the necessity or propriety of the appointment of the clerk-typist.
The statute which provides the basis for this decision grants the District Attorney the right to staff his office, as the trial court determined. The only remaining question is that relating to the challenge of the Board of County Commissioners to the employment of the clerk-typist by the District Attorney and approval of the budget proposed by the District Attorney. Certainly, it would be an unreasonable interpretation of the statute to declare that the County Commissioners must rubber-stamp the hiring of an employee or the salary of the employees appointed by the District Attorney. However, the burden is *1347 upon the Board of County Commissioners, if they choose to challenge the wisdom of the District Attorney's decision to employ personnel to staff his office in accordance with the statute, to show that there is no reasonable necessity for such employment and that in employing personnel the District Attorney acted arbitrarily, capriciously, and abused his discretion in making such appointment and in setting the salary for such appointed employee. For a parallel situation, see Smith v. Miller, 153 Colo. 35, 384 P.2d 738 (1963). See also Schroeder v. Board of County Commissioners, 152 Colo. 313, 381 P.2d 820 (1963), and Board of County Commissioners of Routt County v. Morning, 72 Colo. 220, 210 P. 326 (1922).
From the record we find that the County Commissioners failed to sustain their burden of proof and did not establish that the District Attorney for the Eleventh Judicial District acted arbitrarily and capriciously in appointing a clerk-typist and in fixing her salary at $225 per month or in raising her salary to $250 per month. The judgment of the trial court is, therefore, reversed and the trial court is directed to order the County Commissioners of Chaffee County to pay the back salary of Marilynn S. Monroe, the clerk-typist, in accordance with the following schedule:

February 1, 1967, 26.26% of $225 per
 to month, or the sum of
January 1, 1967 $59.08 per month. (Division
 of salary affected
 between the counties within
 the Eleventh Judicial
 District, in accordance
 with 45-3-12(2).)
January 1, 1967, 26.26% of $250 per
 to month, or the sum of
September 26, 1967 $65.65 per month.
(the date of trial), and
for so long thereafter as
H. R. Harward shall hold
the office of District Attorney
and employ Marilynn
S. Monroe as a
clerk-typist:

Judgment reversed and remanded with the directions hereinabove set forth.
DAY, HODGES and LEE, JJ., concur.