## No. C-295

Jack Wadlow, Edwin S. Lamm and Lawrence Aubert, as The Board of County Commissioners of the County of Mesa and State of Colorado v. Donald W. Kanaly, as Treasurer of Mesa County, Colorado; Elaine June Ingvertsen, Noble W. Harmon, Opal Fern Weber, Jennie L. Cockrum, Lucille E. Strnad, Gena Mae Harrison and Clara I. Walker

(511 P.2d 484)

Decided June 25, 1973.

Gerald J. Ashby, County Attorney, for petitioners.

Younge, Hockensmith, Robb & Griffin, James M. Robb, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The Treasurer of Mesa County fixed certain salaries in 1969 and 1970 for his employees for the calendar years of 1970 and 1971. The Board of County Commissioners of Mesa County (hereinafter referred to as the Board) refused to approve any of these salaries either year and set different salaries which ranged from five to fifteen dollars per month less than those fixed by the Treasurer. The Treasurer and his employees brought suit, requesting a writ of mandamus requiring the Board to approve the salaries fixed by the Treasurer and also seeking a declaratory judgment interpreting the relative rights and duties of the Treasurer and the Board under the provisions of C.R.S. 1963, 56-2-10. The Board filed its answer, and as one of its defenses asked that the suit be dismissed for failure to state a claim upon which relief could be granted. The Treasurer and his employees subsequently filed a motion for summary judgment. The trial court dismissed the complaint, holding that the Board had the *exclusive* power to determine the salaries of the Treasurer's employees.

The Court of Appeals, considering the case law developed

in response to statutory enactments analogous to C.R.S. 1963, 56-2-10, reversed the decision of the trial court. The Court of Appeals held that the Treasurer is empowered to fix the salaries of employees and that where a question is raised as to the reasonableness of the salaries, the burden is upon the Board to show the unreasonableness of the Treasurer's proposed salaries by competent evidence. The Court of Appeals also held that the Treasurer's office was entitled to reasonable attorneys' fees incurred in prosecuting the action.

The Board of County Commissioners requested this Court to grant Certiorari to the Court of Appeals, and we accepted review on the following issues: (1) In the event the Board of County Commissioners and County Treasurer cannot agree on the level of proposed salaries, where does the burden of proof lie in a lawsuit brought to resolve the issue? (2) Is the County Treasurer entitled to recover his attorneys' fees in a mandamus action against the Board of County Commissioners?

I.

The controversy regarding authority to set salaries of the Treasurer's employees revolves around determination of the legislative intent of C.R.S. 1963, 56-2-10, which states:

"Compensation of deputies and assistants. — The county clerks, county treasurers, county assessors and county superintendents of schools of the respective counties may appoint such deputies, assistants and employees as shall be necessary at such compensation, payable monthly, as shall be fixed by said officers with the approval of the board of county commissioners of their respective counties."

In its determination that the primary authority for fixing employee's salaries resides with the Treasurer and that the Board can challenge such salaries only by a showing that such salaries are unreasonable, the Court of Appeals placed primary reliance upon several cases interpreting analogous salary-fixing statutes. We do not, however, consider these cases applicable in the present instance. In *Smith v. Miller,* 153 Colo. 35, 384 P.2d 738, this Court was called upon to interpret C.R.S. 1953, 39-16-1 and 56-3-8, which provided

that judges of the district courts "shall fix" the salaries of its employees, "subject to the approval" of the appropriate Board of County Commissioners. The Court there held that where a question is raised by the Board as to the reasonableness of the salaries established by the judge, the burden is upon the Board to show by competent evidence that the proposed salaries were wholly unreasonable, capricious and arbitrary. Unless such a burden was sustained, the salaries proposed by the judges were to stand. However, the decision in the *Miller* case was explicitly predicated on the separation of powers doctrine; specifically, the Court reasoned that in order to assure that the judiciary may function independently and not become "dependent upon or a supplicant of either of the other departments of government, [the courts] may incur necessary and reasonable expenses in the performance of their judicial duties." 153 Colo. at 41, 384 P.2d at 741. Such a decision, limited in its rationale to the necessity of an autonomous judiciary, is not applicable in the instant situation where we are dealing with agencies of a county government not involved in a basic separation of powers conflict.

Secondly, both the Court of Appeals and the respondents, the County Treasurer and his employees, cite the recent case of *Johnson v. Board of County Commissioners,* 174 Colo. 350, 483 P.2d 1344, as authority for their position. In that case, the District Attorney of the Eleventh Judicial District instituted a suit in mandamus to compel the Board of County Commissioners of Chaffee County to pay its prorata statutory share of the salary of a clerk-typist employed by the District Attorney. The statute enabling the District Attorney to hire special officers is similar in format to the statute in the case at bar. C.R.S. 1963, 45-3-12(2), empowers the District Attorney to hire employees, including a stenographer, and "fix" their salaries, such budget being subject to the approval of the County Commissioners. The Eleventh Judicial District is composed of four counties, including Chaffee County. A budget for salaries of employees in the District Attorney's office, including a clerk-typist, was

submitted by the District Attorney to each of these counties, prorated on the basis of population, in accordance with the requirements of C.R.S. 1963, 45-2-4, 45-3-8 and 45-3-12. The County Commissioners in all counties within the Eleventh Judicial District, with the exception of Chaffee County, approved the budget and paid their statutory share of the budget as it became due. Chaffee County honored its respective portion of the budget and paid for the services of the clerk-typist for one month; the County then refused to make further payments for this particular employee. As a basis for their refusal to pay, the Commissioners argued that the statute providing for hiring of employees allows the hiring of "a stenographer" and, since one stenographer was already employed, the District Attorney was foreclosed from hiring an additional stenographer or clerk-typist.

This Court held that such an interpretation of the statute was clearly unreasonable, and that the term "stenographer" as used in the statute was descriptive rather than exclusive. The court adopted the trial court's finding that the legislative intendment of the statute was to allow the District Attorney to staff his office with such employees as were reasonably necessary. Continuing, the court held that if the Board wished to challenge the wisdom of the District Attorney's decision to hire particular personnel, the Board must show there was no reasonable necessity for the employee in question. In dicta, the court stated that if the Board wished to challenge the salary level of the employee, the Commissioners had the burden of showing that the District Attorney acted arbitrarily, capriciously and abused his discretion in setting such a salary. Such a determination was not necessary in that instance, as the Board refused to pay *any* of its prorata portion of the clerk-typist's salary, and thus the reasonableness of the salary was not in issue. Also, as the Chaffee County Board had initially paid its prorata portion of the salary prior to challenging the necessity of the position, the Commissioners could not unilaterally challenge the amount of the salary set by the District Attorney. We have consistently held that payment by a Board of County

Commissioners of a fixed salary, even for a short period, constitutes ratification of that salary, and such salary is not subject to change without the consent of both the Board and the officeholder who recommended that salary level. *Schroeder v. Board of County Commissioners,* 152 Colo. 313, 381 P.2d 820; *Watson v. Board of County Commissioners of Lincoln County,* 80 Colo. 14, 249 P. 1. Such is not the situation in the case at bar. In this instance, the Board has not challenged the necessity of the employees of the County Treasurer, nor has the Board made any payments to the employees at the Treasurer's recommended level, an act which would constitute ratification at this salary level. Thus, the *Johnson* case is not dispositive of the case in point.

A determination of the legislative intendment of C.R.S. 1963, 56-2-10, with respect to the ultimate authority for the fixing of salaries must be gleaned from the practical considerations inherent in the statutory scheme of county government. The Board of County Commissioners is vested with the ultimate responsibility for the conduct of the fiscal affairs of the county. The Commissioners are charged with the construction of an annual budget from submissions from the varous departments of their anticipated financial needs for the ensuing year. To construct such a budget, the Commissioners must pare and fit the respective proposed departmental budgets so as to assure that such expenditures are coextensive with the revenues generated from assessments of permissible mill levies. To hold that the heads of the various county departments had the authority' to set salaries of their employees not prescribed by statute, unless clearly exorbitant, would be to seriously compound the problems faced by the Commissioners in adopting a balanced budget. Thus, it seems most consistent with the requirements of county government fiscal planning to allow the Board to review salaries proposed by the heads of the various departments serving executive and administrative functions in the county; such an interpretation enables the County Commissioners to assure a reasonable budgetary process and develop a parity in salary levels throughout these various

departments.

Therefore, we hold that when the County Treasurer and the Board of County Commissioners are unable to agree on prospective salaries for the Treasurer's employees, the burden in a lawsuit brought to resolve the differences lies with the Treasurer or the employee bringing the suit to show that the proposal of the Treasurer is reasonable under the circumstances.

## II.

Secondly, the Board of County Commissioners contends that the Treasurer should not be allowed reasonable attorneys' fees incurred in prosecuting this action. We do not agree. The present suit involved litigation between two public entities. The County Commissioners are represented by the County Attorney at no personal expense. We agree with the Court of Appeals that when the question of the respective powers of two governmental bodies is at issue, it would be inequitable to require one official, acting in his official capacity, to personally bear the burden of attorneys' fees and costs generated in the suit. *See, e.g., Schroeder v. Board of County Commissioners,* 152 Colo. 313, 381 P.2d 820.

As did the Court of Appeals, we reverse the judgment of the trial court and direct the Court of Appeals to remand the case to the trial court with directions to set aside its judgment of dismissal, and to reinstate respondents' complaint, if they so desire, but we direct that further proceedings be in accordance with the views herein expressed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE HODGES does not participate.