No. 27500

**Dan Tihonovich, Sheriff of Pueblo County v. Charles R. Williams, A. H. Hayden, William Gradishar, and the Board of County Commissioners of Pueblo County, State of Colorado**

(582 P.2d 1051)

Decided August 14, 1978.

Darol C. Biddle, for plaintiff-appellee.

James V. Phelps, County Attorney, John G. Scorgie, Special Assistant, for defendants-appellants.

Perry P. Burnett, for amicus curiae, Colorado Counties, Inc.

Wm. David Lytle, for amicus curiae, Colorado Sheriff's Ass'n.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The sheriff for Pueblo County sued the Board of County Commissioners of Pueblo County (the board) seeking an increase in his 1976 annual budget. After trial to the court, a judgment was entered ordering certain increases and alterations in the budget. On appeal, the board argued for reversal on the ground that the trial court exceeded its jurisdiction. We agree and reverse the trial court's judgment.

The following facts are summarized from the evidence presented at trial. The sheriff's department, including the jail facilities, experienced a high employee turnover rate of 27%. After comparing his department with other law enforcement agencies throughout the state and with other county departments, the sheriff determined that this trunover rate was

excessively high because of low salaries and a need for a additional personnel. Employees frequently had to work overtime without additional pay or compensatory time off. To remedy this, the sheriff, in his 1976 budget proposal, requested salary increases, funding for additional twenty-three employees, and funds to equip the additional employees. The amount of the budget request was more than double the approved budget for 1975.

Pursuant to statutory requirements, the sheriff submitted his budget proposal to the county manager, the officer designated by the board to prepare the county budget. *See* section 29-1-105, C.R.S. 1973. The chairman of the board, Commissioner Hayden, and the county manager devoted much time to the preparation of the 1976 county budget. In addition to the needs of the various county departments, they considered the amount of revenue anticipated from the general fund and the ability of Pueblo County taxpayers to pay for services in light of recent increases in the mill levy by the city of Pueblo and by the Pueblo County school districts. Despite an expected increase in anticipated revenue provided by a four-tenths of a mill increase for the county general fund and an increase in assessed valuation, no county department received as much money as it had requested. The sheriff had requested $494,381 for the county jail and $1,036,322 for the sheriff's department. He received $366,739 and $508,588, respectively. This amounted to an increase of about $210,000 over the previous year's budget for the sheriff's department.

The sheriff brought this action under C.R.C.P. 106, to compel the board to approve his budget requests, alleging that it was the board's ministerial duty to approve his reasonable budget requests. The sheriff also sought to prohibit the board from altering slaries set by him, alleging that in so doing the board exceeded its judrisdiction. The trial court heard evidence regarding the budget-making process and the reasonableness of the sheriff's requests. At the close of the sheriff's evidence, the court granted the sheriff's motion to conform the pleadings to the evidence.

The trial court found that the sherifff had met his burden of proof in establishing the reasonableness and necessity for salary increases and for fourteen additional deputies. Further, it found that the board had abused its discretion by failing to give the sheriff an adequate apportunity for a budget hearing to explain and justify his requests. The district court ordered the board to increase the 1976 budget to cover the salary increases requested and make them retroactive to January 1, 1976. The board was ordered to provide money for hiring fourteen deputies effective January 1, 1977. The court also ordered the board to give the sherifff an adequate budget hearing to determine the amount of extra equipment needed for the additional employees. Finally, the trial court ordered the board to explore every available legal source of revenue to fund these additional expenditures, including as a last resort, raising the mill levy.

## I. *Jurisdiction*

■ This action was brought under C.R.C.P. 106. C.R.C.P. 106(a)(2) provides for suits to force a board to perform ". . . an act which the law specially enjoins as a duty resulting from an office, trust, or station. . . ." The sheriff's complaint asserted that the Baord was required by law to approve salaries set by the sheriff. This allegation was based upon section 30-2-106, C.R.S. 1973, which provides in part:

". . . In all counties the salaries of the undersheriff and deputy sheriff shall be fixed by the sheriff, with the approval of the board of county commissioners."

The approval of the board of county commissioners is a discretionary power, not a ministerial duty to rubberstamp a county officer's decision. *See Wadlow v. Kanaly,* 182 Colo. 115, 511 P.2d 484 (1973); *Johnson v. Board of Commissioners,* 174 Colo. 350, 483 P.2d 1344 (1971). Consequently, Rule 106 (a)(2) does not apply to these facts.

■ C.R.C.P. 106(a)(4) does not apply either. It provides for review of an inferior tribunal which, in exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion. Clearly, the Board's adoption of a budget is not a judicial or quasi-judicial function, but is commonly considered to be a legislative and administrative function. *See Amdahl v. County of Fillmore,* _____Minn. _____, 258 N.W.2d 869 (1977); *Broward County v. Administration Commission,* 321 So. 2d 605 (Fla. App. 1975); *Hicks v. Orange County Board of Supervisors,* 69 Cal. App.3d 228, 138 Cal. Rptr. 101 (1977).

While we agree with the board's contention that a Rule 106 proceeding is inapplicable here, we note that the trial court granted a motion to conform the pleadings to the evidence. Consequently, although the original complaint was not appropriately brought under Rule 106, the trial court determined that the pleadings and evidence presented a claim which was entitled to judicial review and determination. *See Regennitter v. Fowler,* 132 Colo. 489, 290 P.2d 223 (1955).

■ Although this is not a proper C.R.C.P. 106 proceeding, it is apparent that the legislature intended such disputes to be brought to court. *See* section 30-2-104(2), C.R.S., 1973; *Wadlow v. Kanaly, supra.* This suit involves a conflict between two constitutional officers in the performance of their statutory duties. Its resolution requires an interpretation of various statutes, a judicial function.

## II. *Separation of Powers*

■ There is no real constitutional separation of powers issue between the statutory authority of the sheriff and of the board. The board argues, however, that the trial court substituted its judgment for that of the board regarding the adoption of the county budget. We agree that the trial court exceeded its jurisdiction.

Separation of powers is preserved by Article III of the Colorado Constitution:

"The powers of the government of this state are divided into three distinct department, — the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted."

Nowhere in the constitution are the courts expressly directed or permitted to set a county's budget or a sheriff's budget. *See Amdahl v. County of Fillmore, supra; Broward County v. Administration Commission, supra; Hicks v. Orange County Board of Supervisors, supra.* The legislature has delegated the performance of these duties to the county boards of commissioners pursuant to statutory procedures. *See* sections 29-1-110, 29-1-301, and 30-25-201, C.R.S. 1973. In directing the performance of the budgeting and taxing functions, which are legislative in nature, the trial court here impermissibly substituted its judgment for that of the board. *Cf. Frankel v. Denver,* 147 Colo. 373, 363 P.2d 1063 (1961) (court will not substitute its judgment for municipality's "legislative" zoning decision).

We hold that in reviewing the budgeting and taxing actions of a board of county commissioners, which are clearly legislative, a trial court should give great deference to the board's discretionary acts, and should apply an abuse of discretion standard. *See Amdahl v. County of Fillmore, supra.* Here, the sheriff failed to show that the board abused its discretion by acting arbitrarily or unreasonably.[1] Only if the evidence establishes this may a reviewing trial court nullify a board's legislative decision, and remand to the board for reconsideration.

### III. *Legislative Intent*

Both the sheriff and the board of county commissioners are obligated to perform certain statutory duties. The sheriff must keep the jail "clean, safe and wholesome" and must provide the prisoners with "good and sufficient food." Sections 27-26-102, 27-26-104, and 30-10-511, C.R.S. 1973. He must serve process in the county, transport prisoners, and keep the peace. Sections 30-10-514, 30-10-515, and 30-10-516, C.R.S. 1973.

To assist the sheriff in fulfilling his duties, the legislature has empowered the sheriff to appoint deputies and, subject to board approval, to set their salaries. Section 30-2-106, C.R.S. 1973, provides:

"Undersheriffs and deputy sheriffs shall be appointed by the sheriffs of their respective counties, and their salaries shall be paid monthly. In all

---

[1] *Compare Smith v. Miller,* 153 Colo. 35, 384 P.2d 738 (1963), which was based on a constitutional separation of powers issue not here involved.

counties the salaries of the undersheriff and deputy sheriff shall be fixed by the sheriff, with the approval of the board of county commissioners."
Further, section 30-10-506, C.R.S. 1973, states in part,
"Each sheriff may appoint as many deputies as he may think proper. . ."
These statutes indicate that the General Assembly intended to grant the sheriff exclusive power to appoint deputies, and power to fix their salaries, subject to the board's approval.

■ Responsibility for county finances is borne exclusively by the board of county commissioners. *See Wadlow v. Kanaly, supra.* In section 29-1-110, C.R.S. 1973, the Local Government Budget Law grants to the board, as the governing body of the local government, exclusive authority to set the county budget, as follows:

"On the day set for consideration of such proposed budget, the governing body *shall review the proposed budget and revise, alter, increase, or decrease the items as it deems necessary* in view of the needs of the various offices, departments, boards, commissions, or other spending agencies and the probable income of the local government . . ." (Emphasis added.)

In *Wadlow v. Kanaly, supra,* under similar circumstances, we inferred the legislative intent "from the practical considerations inherent in the statutory scheme of county government." In the *Wadlow* case, the Mesa County Board of Commissioners refused to approve salaries set by the Mesa County Treasurer for his employees. Like the sheriff here, the treasurer was statutorily authorized to fix the salaries of employees, subject to the approval of the board of commissioners. We discussed the division of responsibility between the board and the treasurer as follows:

". . . The Board of County Commissioners is vested with the ultimate responsibility for the conduct of the fiscal affairs of the county. The Commissioners are charged with the construction of an annual budget from submissions from the various departments of their anticipated financial needs for the ensuing year. To construct such a budget, the Commissioners must pare and fit the respective proposed departmental budgets so as to assure that such expenditures are coextensive with the revenues generated from assessments of permissible mill levies. To hold that the heads of the various county departments had the authority to set salaries of their empoloyees not prescribed by the statute, unless clearly exorbitant, would be to seriously compound the problems faced by the commissioners in adopting a balanced budget. Thus, it seems most consistent with the requirements of county government fiscal planning to allow the Board to review salaries proposed by the heads of the various departments serving executive and administrative functions in the county; such an interpretation enables the County Commissioners to assure a reasonable budgetary purpose and develop a parity in salary levels throughout these various departments."

We held that in case of a dispute over salaries the treasurer or other department head must show that the proposed salaries are reasonable under the circumstances.

Here, the trial court applied the *Wadlow* case and made a specific finding that the sheriff had amply established that the proposed salary increases and fourteen of the requested 23 additional employees were reasonable. We believe that the trial court misapplied our opinion in *Wadlow* by overemphasizing the requirement of a showing of reasonable need for the higher salaries, to the exclusion of other relevant, and primarily fiscal, considerations.

While higher salaries may be desirable, the burden of proof established in *Wadlow* requires the county officer to show "that the proposal . . . is reasonable *under the circumstances."* (Emphasis added.) In light of the paragraph from *Wadlow* from which we have quoted at length above, we believe that the circumstances to be considered include the amount of revenue available, the needs of other county departments and the ability of the county's taxpayers to fund additional requests, as well as the requesting department's need for the expenditures. *See* section 29-1-110, C.R.S. 1973.

We extend the reasoning of the *Wadlow* case, which dealt only with salary increases, to the appointment of additional employees. If additional employees requested by the sheriff, or other county officer, cannot be reasonably accommodated within the budget under the considerations above discussed, the board may validly refuse the request. This rationale is particularly appropriate where the board has not challenged the need for either the salaries or the employees, but simply did not have enough money to totally satisfy the sheriff's needs.

The commissioners repeatedly testified that the sheriff was free to use his budget as he chose, and could raise salaries or hire additional deputies, as long as he stayed within his budget.

After reviewing the record, it clearly appears that the sheriff failed to demonstrate that the board abused its discretion in refusing to approve as large a budget for the sheriff's office and jail as the sheriff had requested. Further, though he established that his requests were reasonably necessary for the sheriff's department and jail, he failed to demonstrate that the board had acted unreasonably or arbitrarily in denying his request in light of all the circumstances. *See Amdahl v. County of Fillmore, supra.*

Cases cited by the parties are distinguishable, as was the case in *Wadlow v. Kanaly, supra.* Some deal with situations in which a board of county commissioners has paid a salary or has funded an employee's position and subsequently eliminates the budgeting for the employee's salary or refuses to sign the vouchers because it feels the raised salary or employee is unecessary. In these cases we have held that the board of

county commissioners has ratified the salary by paying it, and that the board must bear the burden of challenging the necessity for hiring the employee. *Johnson v. Board of Commissioners,* 174 Colo. 350, 483 P.2d 1344 (1971); *Schroeder v. Board of Commissioners,* 152 Colo. 313, 381 P.2d 820 (1963). In neither of these cases was the amount of the entire departmental budget challenged.

In *Smith v. Miller,* 153 Colo. 35, 384 P.2d 738 (1963), we imposed a heavy burden on the board, which challenged salaries set by district court judges, to show that the proposed salaries were unreasonable, capricious and arbitrary. That decision, however, was clearly based on the need for an autonomous judiciary as required under the separation of powers doctrine, and does not apply where two agencies of county government disagree.

The evidence here fails to support the trial court's conclusion that the board abused its discretion by failing to give the sheriff an adequate hearing on his budget. The evidence indicates that the sheriff's budget was given as much attention as any other county department's budget, and there were many meetings about the budget between members of the sheriff's department, and the county manager and the commissioners.

We find it unnecessary to address the other issues raised by the parties.

We reverse the judgment of the trial court.

MR. JUSTICE ERICKSON does not participate.