A.J. JOHNSON, as Sheriff of the County of Eagle, State of Colorado, by substitution for Jack Haynes, former Sheriff; Larry D. McLaughlin, James H. Cummings, Robert E. Ashley, Keith H. McAdams, David C. Manning, Santiago S. Perez, Steve H. Hecksel, James A. Cichantek, Alan W. Hart, James L. Boni, Ernest C. Simon, Randolph L. Praker, and Danny Sparkman, as Deputy Sheriffs of the County of Eagle; and Kathy Baker and Phyllis J. Robinson, as clerks in the Eagle County Sheriff's office, Plaintiffs-Appellants and Cross-Appellees,

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF EAGLE, State of Colorado, Defendants-Appellees and Cross-Appellants.

No. 82CA0188.

Colorado Court of Appeals,
Div. II.

Jan. 19, 1984.

Terence J. Quinn, Eagle, for plaintiffs-appellants and cross-appellees.

Beth A. Whittier, Eagle County Atty., Eagle, Hartert, Mincer & Wilson, Gerald D. Hartert, Glenwood Springs, for defendants-appellees and cross-appellants.

VAN CISE, Judge.

This case arose as a result of disagreements between the sheriff of Eagle County and the Board of County Commissioners of Eagle County (the board) concerning overtime compensation for deputy sheriffs. In December 1979 the board adopted a resolution exempting "professional, technical, and supervisory" personnel from paid overtime. All positions in the sheriff's department except clerical workers were so designated. The effect of this resolution was to require persons occupying these positions to be compensated for overtime work in compensatory time rather than in cash.

In accordance with that resolution, commencing in January 1980 the board denied all vouchers for overtime pay submitted by the deputy sheriffs. This declaratory judg-

ment action was then instituted by the sheriff, his deputies, and clerical employees against the defendant board, requesting a determination of the respective powers, duties, and responsibilities of the sheriff and the board regarding overtime compensation to the deputy sheriffs and for other relief. After trial, the court held generally for the board on the matter of overtime pay. However, it allowed plaintiffs their attorneys' fees and costs except for the expenses of two depositions not used at the trial.

Plaintiffs appeal the rulings on overtime pay and the disallowance of the deposition expenses. The board cross-appeals the allowance of attorneys' fees and costs. We reverse as to the attorneys' fees and costs, and affirm in all other respects.

In the complaint and at the trial, additional questions were asked and answered, and the rulings thereon were also raised as issues on appeal. These questions pertained to the respective powers and duties of the sheriff and the board regarding county purchasing and budgetary matters. Subsequent to the filing of this appeal, A.J. Johnson was elected to succeed plaintiff Jack Haynes as the sheriff of Eagle County. On assuming office, Johnson and the board stipulated to the substitution of Johnson for Haynes and to the dismissal of those additional issues on appeal. We approve the stipulation and, therefore, do not consider those issues here.

Also, this case was before this court once before and was remanded on a procedural point. *See Haynes v. Troxel,* 670 P.2d 812 (Colo.App.1983). On remand, the trial court denied plaintiffs' post-trial motions. The case is now before us for decision on the remaining issues.

I.

■ Plaintiffs first claim that the trial court erred in determining that the board could classify sheriff's department personnel as "professional, technical, and supervi-

sory," thereby making them ineligible for overtime compensation in cash. They argue that the December 1979 resolution was beyond the power of the board and was arbitrary, capricious, and unreasonable to the extent that it denied overtime cash payments to deputy sheriffs. We do not agree.

The adoption of a resolution relating to the internal personnel affairs of a county is considered a legislative act. *Tihonovich v. Williams,* 196 Colo. 144, 582 P.2d 1051 (1978); *Hoffman v. City of Fort Collins,* 30 Colo.App. 123, 489 P.2d 355 (1971). *See also Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975). Therefore, the decision of the board may be nullified only upon a clear showing that it abused its discretion by acting arbitrarily or unreasonably. *Tihonovich v. Williams, supra; Wadlow v. Kanaly,* 182 Colo. 115, 511 P.2d 484 (1973). No such showing was made.

■ The statutes which govern overtime compensation to county employees establish that the board has the discretionary authority to compensate employees covered thereunder either in cash or in compensatory time. *See* § 8–13–104, C.R.S., § 8–13–105, C.R.S. (1982 Cum.Supp.), and § 30–2–104(1)(b)(IV), C.R.S. (1982 Cum.Supp.).

Plaintiffs in presenting their case to the trial court offered no evidence whatsoever that the board's classification was arbitrary or capricious. In fact, the only evidence presented regarding this matter was offered by the board. It showed that due consideration was given in the adoption of the resolution, and that it resulted from extensive studies and research relative to other county practices and federal guidelines. With respect to the designation of deputy sheriffs as professional personnel, the sheriff even testified that deputy sheriffs could be considered professionals in the sense that their employment required formal training and state certification. Further, the testimony established that those persons classified in the resolution were still entitled to overtime compensation in compensatory time for overtime served, which is consistent with the statutes cited above governing the compensation of public employees for overtime work.

■ We also note that in both the 1979 and 1980 county budgets, the board designated monetary compensation for overtime work in the contingency fund rather than as a line item in the individual budgets of the various county departments and offices. This resulted in a uniform and non-discriminatory method for payment of overtime compensation as contemplated in the statutes set forth above. As the legislative body of the county, the board has the statutory and discretionary authority and responsibility to establish such an overtime compensation policy. It is not for a reviewing court to substitute its judgment for that of the board. *See Beacom v. Board of County Commissioners,* 657 P.2d 440 (Colo.1983); *Tihonovich v. Williams, supra; Wadlow v. Kanaly, supra.*

## II.

■ Plaintiffs next contend that the board's prior approval of overtime pay to deputy sheriffs constituted ratification of that monetary compensation, and, therefore, that the board was estopped subsequently to deny the same. We disagree.

The change from monetary to compensatory time was made only after the adoption of the classification resolution in December 1979. Whatever representations the sheriff made thereafter to his deputies and clerks regarding cash compensation for overtime were made on his own without the knowledge or approval of the board and, thus, are not binding on the county or the board. *See* §§ 29–1–113 and 30–25–103, C.R.S. (1977 Repl.Vol. 12).

## III.

■ Plaintiffs also contend that it was error for the trial court not to admit into evidence the depositions of two members of the board, Williams and Grant. In refusing, the trial court noted that both depo-

nents were available to testify. The court ruled, however, that the depositions could be used for impeachment.

To show error of the trial court in refusing to accept the depositions into evidence, plaintiffs rely on C.R.C.P. 32(a)(2), which states that the deposition of a party may be used for any purpose. However, here, plaintiffs did not allude to any specific portion of the transcripts which would have added anything to the testimony already in evidence. *See Scruggs v. Otteman*, 640 P.2d 259 (Colo.App.1981). And, a reading of the texts indicates that the contents were merely cumulative or were irrelevant. Therefore, if there was any error it was harmless. *See Stauffer v. Karabin*, 30 Colo.App. 357, 492 P.2d 862 (1971).

## IV.

In view of our disposition of the board's cross-appeal (see V below), we do not address plaintiffs' final contention that the trial court erred in refusing to award to them the costs of the depositions of Commissioners Grant and Williams taken before, but not utilized at, trial.

## V.

■ The board appeals the granting to plaintiffs of their attorneys' fees and other costs. It contends that there is no statutory authority for this award and that, therefore, it was improper. We agree.

In making the award, the trial court relied on *Wadlow v. Kanaly, supra.* In *Wadlow*, the county treasurer and his employees sued the board of county commissioners seeking to reverse the board's decision fixing lower salaries for the employees than those proposed by the treasurer. In affirming an award of attorneys' fees to the plaintiffs, the court stated:

"The present suit involved litigation between two public entities. The County Commissioners are represented by the County Attorney at no personal expense.... [W]hen the question of the respective powers of two governmental bodies is at issue, it would be inequitable to require one official, acting in his offi-

cial capacity, to personally bear the burden of attorney's fees and costs generated in the suit. *See, e.g., Schroeder v. Board of County Commissioners*, 152 Colo. 313, 381 P.2d 820 [1963]."

The plaintiff in *Schroeder* was the county superintendent of schools.

Then, seven years later, the Supreme Court decided *Tisdel v. Board of County Commissioners*, 621 P.2d 1357 (Colo.1980). This was an action brought by a district attorney against the various boards of county commissioners comprising his judicial district, relative to a decision by such boards to decrease the district attorney's salary during his elected term of office. As the prevailing party, he sought to recover the costs of private counsel retained to represent him in the lawsuit. The Supreme Court, in denying the district attorney his attorney's fees, held that the claims for attorney's fees in *Wadlow* and *Schroeder* were based upon § 30–2–104, C.R.S., which provides for the compensation of deputies and assistants hired by county clerks and recorders, county treasurers, county assessors, and county superintendents of schools.

Then the Court interpreted § 30–2–104(2), C.R.S., which provides in pertinent part:

"In the event litigation is instituted relating to compensation or classification ... [c]osts of any litigation instituted by an elected official shall be paid out of the county general fund."

It construed this provision as referring only to litigation instituted by one of the above enumerated county officials, and held that:

"Under circumstances of this case, because there is no statutory authority for the payment of attorney's fees for a district attorney seeking to protect his salary from a reduction in violation of the Colorado Constitution, there is no basis for the trial court, on remand, to order payment of the plaintiff's attorney's fees."

Plaintiffs argue that subsection (2) should have been interpreted more broadly and that its provisions should be applied to all elected county officials. However, the Supreme Court has spoken otherwise, and we are bound thereby. Therefore, *Tisdel*, and not *Wadlow*, is dispositive here. Deputies and assistants of the county sheriff are not specifically designated in § 30-2-104. And, § 30-2-106, C.R.S., which specifically pertains to undersheriffs and deputy sheriffs, does not contain any provision for the county to pay the costs of litigation instituted by the sheriff. Therefore, as in *Tisdel*, there is no basis for an award of plaintiffs' attorneys fees. And, since plaintiffs were not the prevailing parties, there is no basis for an award of costs to them.

That part of the judgment awarding plaintiffs their attorneys' fees and costs is reversed. The rest of the judgment is affirmed.

SMITH and KELLY, JJ., concur.