Patrick J. SULLIVAN, Jr., Sheriff of Arapahoe County, Plaintiff-Appellee,

v.

The BOARD OF COUNTY COMMIS-SIONERS OF the COUNTY OF ARAP-AHOE, Charles A. Pitts, Thomas R. Eg-gert, and Betty Ann Dittemore, Defend-ants-Appellants.

No. 82SA311.

Supreme Court of Colorado, En Banc.

Dec. 17, 1984.

Rehearing Denied Jan. 11, 1985.

Banta, Hoyt, Banta, Greene, Hannen & Everall, J. Mark Hannen, Englewood, for plaintiff-appellee.

Peter L. Vana, III, Arapahoe County Atty., James E. Heiser, Asst. County Atty., Littleton, for defendants-appellants.

NEIGHBORS, Justice.

The Board of County Commissioners of the County of Arapahoe (Board) appeals the Arapahoe County District Court's declaratory judgment that the Board has no power to interfere with the personnel decisions of the Arapahoe County Sheriff concerning his deputies. The district court also declared that funds budgeted for the sheriff's department by the Board were under the exclusive control of the sheriff and it enjoined the Board from interfering with the sheriff's personnel decisions regarding deputy sheriffs. We vacate the order and remand for dismissal of the sheriff's complaint.

The dispute between these parties arose when a deputy sheriff, Steven Toney, was disciplined and ultimately terminated from employment with the sheriff's department for alleged violations of rules governing operation of the jail. Toney sought review of his discharge pursuant to the procedures set out in a personnel manual promulgated by the Board. The Board conducted a hearing, in which the sheriff declined to participate, and adopted a resolution stating that Toney had been wrongfully terminated and ordering that he be paid two months wages, the funds to be taken from money previously allocated to the sheriff's personnel budget.

The sheriff filed a complaint in Arapahoe County District Court seeking declaratory and injunctive relief. The complaint recited the details of the Board's action with respect to Toney and alleged that the Board lacked the power to review personnel decisions of the sheriff concerning his deputies or to order the transfer of money previously budgeted to the sheriff's department. The sheriff sought a declaratory judgment delineating the respective powers of the Board and the sheriff and an injunc-

tion restraining the Board from taking actions regarding deputy sheriffs in excess of its powers. Summary judgment was awarded in favor of the sheriff and the Board appealed.

## I.

■ Although not urged by the Board, at oral argument we raised the question whether the plaintiff's exclusive remedy in this case was under C.R.C.P. 106(a)(4). This court is free to consider the district court's possible lack of subject matter jurisdiction notwithstanding any party's failure to raise the issue. *Moschetti v. Liquor Licensing Authority*, 176 Colo. 281, 490 P.2d 299 (1971); *Lien v. Gertz*, 158 Colo. 416, 407 P.2d 328 (1965). We conclude that the district court lacked jurisdiction to adjudicate this matter in view of the exclusivity of the plaintiff's remedy under C.R.C.P. 106 and his failure to pursue that remedy within the time limits prescribed by the rule.

C.R.C.P. 106(a)(4) provides that relief may be obtained in the district court "[w]here an inferior tribunal (whether court, board, commission, or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy." The rule also provides that in the absence of any other statutory time period, "a petition for certiorari or other writ seeking to review the acts of any inferior tribunal shall be filed in the district court not later than 30 days from the final action taken by said tribunal." C.R.C.P. 106(b).

■ The Board's action in reviewing the discharge of Deputy Toney was quasi-judicial in nature. Quasi-judicial actions "involve the determination of juridical facts on which the impact of a law upon an individual depends," *Shoenberg Farms v. People ex rel. Swisher*, 166 Colo. 199, 209, 444 P.2d 277, 282 (1968), and the general test "is to consider whether the function in question involves the exercise of discretion and requires notice and hearing." *Van Pelt v. State Board for Community Colleges*, 195 Colo. 316, 320, 577 P.2d 765, 768 (1978). In general, quasi-judicial proceedings involve a determination of rights and liabilities with reference to past or present facts. *City & County of Denver v. Eggert*, 647 P.2d 216 (Colo.1982). An examination of the applicable provisions of the policy manual[1] leads us to conclude that

1. The policy manual provides that:
   5. THE EMPLOYEE MAY, WITHIN TWENTY (20) BUSINESS DAYS OF RECEIPT OF THE COMMISSIONER'S DECISION, APPEAL THIS DECISION TO THE BOARD OF COUNTY COMMISSIONERS, WHOSE DETERMINATION THEREON SHALL BE FINAL. THE EMPLOYEE MUST REQUEST IN WRITING A HEARING BEFORE THE BOARD OF COUNTY COMMISSIONERS. THE WRITTEN REQUEST FROM THE EMPLOYEE MUST EXPLAIN THE CIRCUMSTANCES OF THE INCIDENT INVOLVED AND WHY THE EMPLOYEE FEELS THAT HE OR SHE SHOULD NOT BE REMOVED AND IF THE EMPLOYEE WISHES THE HEARING TO BE PUBLIC OR CONFIDENTIAL. THE BOARD OF COUNTY COMMISSIONERS WILL SET A HEARING AND INFORM ALL PARTIES CONCERNED OF THE TIME, DATE AND LOCATION OF THE HEARING. PARTIES MAY CHOOSE THEIR OWN REPRESENTATION. THE BOARD OF COUNTY COMMISSIONERS WILL INFORM ALL PARTIES CONCERNED OF THE RESULTS OF THEIR REVIEW. IF THE BOARD OF COUNTY COMMISSIONERS DENIES THE REMOVAL, AND AT THE OP-
   TION OF THE ELECTED OFFICIAL INVOLVED, (1) THE EMPLOYEE MAY RETURN TO HIS OR HER POSITION IN THE DEPARTMENT, OR (2) THE BOARD OF COUNTY COMMISSIONERS WILL EFFECT A TRANSFER TO ANOTHER DEPARTMENT. THE HEARING WILL PROCEED AS FOLLOWS:
   A. THE EMPLOYEE AND/OR HIS OR HER REPRESENTATIVE WILL PRESENT A STATEMENT OF THE GRIEVANCE AND THE REMEDY SOUGHT.
   B. THE IMMEDIATE SUPERVISOR, DEPARTMENT HEAD, AND COMMISSIONER IN CHARGE OF THAT DEPARTMENT AND/OR THEIR REPRESENTATIVES WILL STATE THE REASONS FOR THEIR DECISIONS.
   C. THE EMPLOYEE AND/OR HIS OR HER REPRESENTATIVE WILL STATE A REBUTTAL CALLING WITNESSES AND/OR PRESENTING EVIDENCE IN SUPPORT OF HIS OR HER CASE.
   D. THE IMMEDIATE SUPERVISOR, DEPARTMENT HEAD AND COMMISSIONER IN CHARGE OF THAT DEPARTMENT AND/OR

the actions of the Board concerning the sheriff were quasi-judicial in nature.[2]

■ In this case the gravamen of the sheriff's complaint was that the Board had no authority to hear Toney's grievance. This allegation by the sheriff that the Board was proceeding in excess of its jurisdiction was properly cognizable under C.R.C.P. 106(a)(4). It is well established that in the absence of another period provided by statute, a proceeding under C.R.C.P. 106(a)(4) must be filed within the thirty-day period provided in C.R.C.P. 106(b), *Tri-State Generation & Transmission Co. v. City of Thornton*, 647 P.2d 670 (Colo.1982), and a failure to do so is a jurisdictional defect. *Gold Star Sausage Co. v. Kempf*, 653 P.2d 397 (Colo.1982). Thus, the failure of the sheriff to bring this action within the requisite time period deprived the district court of subject matter jurisdiction in this case.[3]

■ Moreover, the sheriff here "may not seek to accomplish by a declaratory judgment what [he] can no longer accomplish

THEIR REPRESENTATIVES WILL STATE THEIR REBUTTAL, CALLING WITNESSES AND/OR PRESENTING EVIDENCE IN SUPPORT OF THEIR CASE. THE MANAGEMENT WILL THEN MAKE A CLOSING STATEMENT.
E. THE EMPLOYEE AND/OR HIS OR HER REPRESENTATIVE WILL MAKE A CLOSING STATEMENT.
F. FINAL BINDING DECISION WILL BE MADE BY THE BOARD OF COUNTY COMMISSIONERS.

2. *Montez v. Board of County Commissioners*, 674 P.2d 973 (Colo.App.1983), holding that the review of employee grievances pursuant to the county grievance procedure was not a quasi-judicial action, is distinguishable. In that case, in contrast to the present case, the written personnel policy required neither notice nor an opportunity for the affected employee to be heard. Moreover, the personnel policy in *Montez* acknowledged that the decisions of the Pueblo County Personnel Board could be overridden by the elected officials in charge of the department. We agree that such discretion is inconsistent with the requirement for quasi-judicial action articulated in *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975), that the body make a determination by applying the facts of a specific case to certain criteria established by law.

directly under C.R.C.P. 106(a)(4)...." *Tri-State Generation & Transmission Co. v. City of Thornton*, 647 P.2d 670, 676 n. 7 (Colo.1982). *See also Greyhound Racing Association v. Colorado Racing Commission*, 41 Colo.App. 319, 589 P.2d 70 (1978). Insofar as the relief sought by the sheriff pertains to the dispute over Toney's discharge,[4] such relief is unavailable by way of a declaratory judgment, given the sheriff's failure to bring a timely C.R.C.P. 106 action.

The Board contends that, insofar as the district court adjudicated the rights of the parties concerning matters apart from the facts of Toney's discharge, it merely rendered an advisory opinion. We agree.

■ The request for declaratory relief sought, in addition to a declaration that the Board had exceeded its authority in its actions regarding Toney, a ruling that the Board lacked authority to act in a variety of areas pertaining to deputy sheriffs. Given that the relief as to the actual controversy over Toney is unavailable to the sheriff, the remaining requests for a de-

3. The resolution stating the Board's findings, conclusions, and award was adopted on December 23, 1980, and the complaint was filed on March 9, 1981.

4. The relief sought included both a declaration that the Board had acted in excess of its jurisdiction with regard to the hearing of Toney's grievance and a declaration as to the breadth of the authority of the Board to adjudicate personnel matters involving deputies. Specifically, the sheriff sought a declaration that "[t]he Board of County Commissioners acted unlawfully and without jurisdiction in entertaining the grievance or appeal submitted by Steven R. Toney concerning the termination of his appointment and employment as deputy sheriff." Additionally, the sheriff requested a declaration that "[t]he Board of County Commissioners acted without jurisdiction and unlawfully in directing in its resolution dated December 23, 1980 that Steven R. Toney be awarded two months back pay and that said funds be taken from the Arapahoe County Sheriff Department's personnel services budget for the 1980 fiscal year." The remaining relief sought involved the respective powers of the sheriff and the Board over employment matters involving deputy sheriffs.

claratory judgment seek only an advisory opinion. This court has noted that "[d]etermination of the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an inquiry for the proper exercise of the judicial function." *Theobald v. Board of County Commissioners*, 644 P.2d 942, 950 (Colo.1982) (quoting *International Longshoremen's & Warehousemen's Union, Local 37 v. Boyd*, 347 U.S. 222, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650 (1954)). Although the Uniform Declaratory Judgments Law §§ 13–51–101 to –115, 6 C.R.S. (1973 & 1984 Supp.), is to be liberally construed and administered, § 13–51–102, 6 C.R.S. (1973), we have nevertheless consistently required that "[a] proceeding for declaratory judgment must be based upon an actual controversy and not be merely a request for an advisory opinion." *Beacom v. Board of County Commissioners*, 657 P.2d 440, 447 (Colo.1983); *Farmers Elevator Co. v. First National Bank*, 176 Colo. 168, 489 P.2d 318 (1971); *Taylor v. Tinsley*, 138 Colo. 182, 330 P.2d 954 (1958). Here, as already noted, the requested relief specifically based upon the dispute over Toney's discharge was unavailable because of the sheriff's failure to properly bring the action under C.R.C.P. 106(a)(4). The declaration sought by the parties regarding the general powers of the sheriff and the Board to control personnel and budgetary matters in the sheriff's department is unavailable because it is not grounded upon any actual controversy concerning those matters. This case was resolved on motion for summary judgment and no evidence was presented concerning a number of the matters addressed by the district court's order. If these issues are to be adjudicat-

ed, they should be resolved within the context of an actual controversy between these parties.[5] *See Beacom v. Board of County Commissioners*, 657 P.2d 440 (Colo.1983).

## II.

The Board also contends that the district court erred in awarding to the sheriff the amount of $11,830.51 in attorney's fees. We agree.

■ The district court relied upon *Wadlow v. Kanaly*, 182 Colo. 115, 511 P.2d 484 (1973), as authority for the award of attorneys' fees. In *Wadlow*, we stated that "when the question of the respective powers of two governmental bodies is at issue, it would be inequitable to require one official, acting in his official capacity, to personally bear the burden of attorneys' fees and costs generated in the suit." *Id.* at 121, 511 P.2d at 487. Thus, in *Wadlow* we allowed the recovery of attorneys' fees by the county treasurer in an action against the county commissioners to compel the board to approve certain county salaries.

■ We have subsequently noted, however, that the award of attorneys' fees in *Wadlow* was statutorily authorized under section 30–2–104, 12 C.R.S. (1977), providing that the cost of litigation in certain specified circumstances shall be paid out of the county general fund. *Tisdel v. Board of County Commissioners*, 621 P.2d 1357 (Colo.1980). The facts of this case do not bring it within the provisions for the payment of costs under section 30–2–104. Because in this case, as in *Tisdel*, there is no statutory authority for the payment of attorney's fees,[6] the order awarding the sher-

---

5. It is not apparent whether the declaratory judgment in *Board of County Commissioners v. Andrews*, 687 P.2d 457 (Colo.App.1984), was grounded upon any real controversy. We note, however, that the uncertainty inherent in that situation was increased by the existence of a federal court decision reaching a result contrary to that of the court of appeals. *Tydings v. Weld County Board of County Commissioners*, No. 81M1723 (D.Colo. November 12, 1982) (unpublished).

6. Although section 13–51–114, 6 C.R.S. (1973), provides that in a proceeding under the Uniform Declaratory Judgments Law the court may order an award of costs as seems equitable, it is unnecessary for us to determine whether this section provides the required statutory basis for attorney's fees in a case such as this. It would be incongruous to allow an award of attorney's fees under the Uniform Declaratory Judgment Law when we have held that the plaintiff has

iff attorney's fees is vacated. *See also Johnson v. Board of County Commissioners,* 676 P.2d 1263 (Colo.App.1984).

The order of the district court is vacated and the cause remanded for dismissal of this action.

presented no justiciable controversy under that article.