Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street, Rm. 518 Denver, Colorado 80203
Dear Mr. Smith:
This is in reply to your request for an Attorney General's opinion inquiring, first whether the Local Government Budget Law, sections 29-1-101 to 118, C.R.S. (1986), applies to Library or Hospital Boards; second, whether a Board of County Commissioners has the authority to alter or lower the budget of either a Library or Hospital Board; and third, whether a Board of County Commissioners can levy taxes up to and including 1.5 mills without a vote of the electorate for the support of library services.
Your inquiry is limited to those situations where a county has established a Library or Hospital Board.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an Attorney General's opinion presents three questions:
1. Does the Local Government Budget Law apply to Library or Hospital Boards?
No.
2. Do Boards of County Commissioners have the authority to alter or lower the budget of Library or Hospital Boards?
Yes.
3. Can the Board of County Commissioners levy taxes of up to and including 1.5 mills without a vote of the electorate for the support of a library district?
Yes.
ANALYSIS
1. By its very terms, the Local Government Budget Law applies to "all subdivisions of the state which have the power toappropriate money or levy taxes except home rule cities, cities and counties, cities operating under a charter, school districts and junior college districts." Section 29-1-102, C.R.S. (1986) (emphasis added). Neither Library nor Hospital Boards fall within the provisions of the Local Government Budget Law, since neither type of Board is empowered to appropriate money or levy taxes.
A Library Board can be established in a county either by initiative of the county legislative body, i.e. the Board of County Commissioners, or upon a petition and vote of county residents in a general election. Section 24-90-107(1) and (2), C.R.S. (1982). Hospital Boards are created by Boards of County Commissioners upon a petition signed by registered and qualified electors residing in the county. Sections 25-3-301 and 302, C.R.S. (1982). Under the circumstances presented here, the power to levy and appropriate funds for both Library and Hospital Boards resides either in or with the Board of County Commissioners. Sections 24-90-112, 25-3-301, 25-3-302, C.R.S. (1982).
2. A Board of County Commissioners
 has exclusive power to adopt the annual budget for the operation of the county government, including all offices, departments, boards, commissions, other spending agencies of the county government, and other agencies which are funded in whole or in part by county appropriations. All such entities shall make appropriate budget recommendations each year to the Board of County Commissioners for the operation of their respective offices; but the final budget determination of each board of county commissioners shall be binding upon each of the respective offices, departments, boards, commissions, other spending agencies of the county government, and other agencies which are funded in whole or in part by county appropriations.
Section 30-11-107(2)(a), C.R.S. (1986) (emphasis added).
 The responsibility for county finances is borne exclusively by the board of county commissioners, and circumstances to be considered by the board include the amount of revenue available, the needs of other county departments and the ability of the county's taxpayers to fund additional requests, as well as the requesting department's need for expenditures.
Beacom v. Board of County Commissioners, 657 P.2d 440,446 (Colo. 1983). See also Tihonovich v.Williams, 196 Colo. 144, 582 P.2d 1051 (1978); Wadlowv. Kanaly, 182 Colo. 115, 511 P.2d 484 (1973).
Because the Board of County Commissioners has ultimate authority over the county budget, it can revise, alter, increase, or decrease the items it deems necessary in view of the needs of the various offices, Departments, Boards, Commissions, or other spending agencies, and the probable income of the local government. See section 29-1-110, C.R.S. (1986). Library and Hospital Boards of Trustees, then, have control of their budget only upon approval of, and allocation of funds by, the Board of County Commissioners.
3. Section 24-90-112(1)(a)(II), C.R.S. (1982) is specific in that it permits a Board of County Commissioners to levy a tax of not more than 1.5 mills upon real and personal property for the establishment and maintenance of county libraries and library districts. If a Board of County Commissioners wants to further increase the mill levy, it must take the matter to a vote of qualified electors residing in the county. Section24-90-112(1)(b)(I), C.R.S. (1986 Supp.).
SUMMARY
The Local Government Budget Law does not apply to Library and Hospital Boards; a Board of County Commissioners has authority to alter or lower the budget of Library or Hospital Boards; and, a Board of County Commissioners can levy a tax of up to 1.5 mills for the maintenance of libraries and library districts, without having the electorate in that county vote on the matter.
Very truly yours,
 DUANE WOODARD Attorney General
COUNTY COMMISSIONERS LIBRARIES HOSPITALS
Section 24-90-107(1), C.R.S. (1982) Section 24-90-107(2), C.R.S. (1982) Section 24-90-112, C.R.S. (1982) Section 25-3-301, C.R.S. (1982) Section 25-3-302, C.R.S. (1982) Section 29-1-102, C.R.S. (1986) Section 29-1-110, C.R.S. (1986) Section 30-11-107(2)(a), C.R.S. (1986)
LOCAL AFFAIRS DEPT.
Boards of County Commissioners have exclusive authority over county budgets.