Albert MONTEZ, Donald Musso, Louis Resendez, Anthony Sforza, and Albert Mendicello, Plaintiffs-Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF PUEBLO, Defendant-Appellee,

and

Employees Local No. 857 of the American Federation of State, County and Municipal Employees, Defendant.

No. 82CA1077.

Colorado Court of Appeals, Div. I.

June 2, 1983.

As Modified on Denial of Rehearing June 30, 1983.

Certiorari Denied Dec. 19, 1983.

J.E. Losavio, Jr., Herbert S. Schiff, Pueblo, for plaintiffs-appellants.

Gerald A. Marroney, Asst. County Atty., Pueblo, for defendant-appellee.

STERNBERG, Judge.

Five county employees sued the Board of County Commissioners of Pueblo County for breach of contract. The trial court dismissed, holding that a C.R.C.P. 106 review of the decision rendered following their grievance hearing was their exclusive remedy. We reverse and remand for additional proceedings.

The plaintiffs were laid off from their jobs with the Board and Bridge Department of Pueblo County on or about January 14, 1981. Their relationship with the defendant had been governed by a union contract which expired December 31, 1980. This contract was not renewed, and there were no negotiations in progress. At the time of the layoffs there was a document known as the Pueblo County Personnel Policy in effect. On the subject of layoffs, the Policy stated that the provisions of the union contract "shall prevail." The union contract required that layoffs and rehiring be effected strictly in accordance with seniority. However, other factors could be considered, and in the event these factors were taken into consideration, the decision was to be made by a committee consisting of union and county representatives.

The Policy provided a grievance procedure by which any employee could appeal to the department head any action believed to be in violation of the Policy. The department head was authorized to hold a hearing and render a decision. It provided further that if the employee "still feels aggrieved he or she may ... have recourse to such judicial remedies as may be available."

On March 2, 1981, certain employees who allegedly had less seniority than the plaintiffs were called back to work, and plaintiffs were not. Following the procedures in the Policy, plaintiffs filed grievances with defendants alleging a violation of their seniority rights. A hearing was held and the grievances were denied on May 14, 1981, on several grounds, among them that other considerations warranted rehiring of those with less seniority before plaintiffs, that some of the plaintiffs were not in fact senior, and that some had not acquired seniority rights.

Plaintiffs filed a complaint on September 22, 1981, alleging that the Policy was a contract between the county and its employees, and seeking damages for violation of their contractual rights. The trial court dismissed the complaint on the grounds that C.R.C.P. 106(a)(4) was the exclusive remedy for review of actions of an inferior tribunal,

and, more than 30 days having passed, under C.R.C.P. 106(b) as then written, the court was without jurisdiction to entertain the action.

On appeal the plaintiffs contend that the actions of the Road and Bridge Department in hiring other employees before them was an administrative action that cannot be reviewed under C.R.C.P. 106. For different reasons, we agree that review pursuant to C.R.C.P. 106 was not an available remedy.

 C.R.C.P. 106(a)(4) provides for review in the district court in circumstances in which it is alleged that an inferior tribunal exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion. In order for an inferior tribunal to be quasi-judicial, and thus subject to review pursuant to this rule, all of the following factors must be present:

"(1) a state or local law requiring that the body give adequate notice to the community before acting; (2) a state or local law requiring that the body conduct a public hearing, pursuant to notice, at which time concerned citizens must be given an opportunity to be heard and present evidence; and (3) a state or local law requiring the body to make a determination by applying the facts of a specific case to certain criteria established by law." *Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975)

None of these factors is present here. Procedures governing hearings under the policy were not established pursuant to state or local law. To the contrary, in the preamble to the Policy, the limits of the Personnel Board's authority was recognized by the statements that "each elected official is charged by the constitution of Colorado to be fully responsible for the direction of the employees of his or her department," that "no portion of such responsibilities may be delegated to any other," and that "therefore, the Pueblo County Personnel Board acknowledges that each elected official may override or veto any decision made hereafter by the Pueblo County Personnel Board."

*Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

The grievance procedure was not enacted pursuant to a state or local law, and thus, in this instance, the Board of County Commissioners was not acting as a quasi-judicial tribunal.

The situation here is in contrast to that in *Park Hospital District v. District Court,* 192 Colo. 69, 555 P.2d 984 (1976), where review, pursuant to C.R.C.P. 106(a)(4), of a decision of the Board of Directors of a county hospital was allowed because the Board and the bylaws, rules, and regulations under which it acted were authorized by § 25–3–301 et seq., C.R.S.1973 (1982 Repl.Vol. 11). *Cf. Even v. Longmont United Hospital Ass'n,* 629 P.2d 1100 (Colo.App.1981).

Plaintiffs' complaint for breach of contract should not have been dismissed based on the exclusivity of review under C.R.C.P. 106. Therefore, the judgment is reversed and the cause is remanded with directions to reinstate plaintiffs' complaint.

BERMAN and COYTE, JJ.,* concur.