594 P.2d 590 (1979)
Doyle T. JOHNS, Jr., Individually, and as the duly elected and qualified District Attorney for the Thirteenth Judicial District, State of Colorado, and the People of the State of Colorado ex rel. Doyle T. Johns, Jr., Plaintiffs-Appellants,
v.
Leland H. MILLER, G. Ralph Thompson and Harold Colglazier, Individually, and as the Board of County Commissioners of the County of Phillips, State of Colorado, James R. Leh, John E. Gazdik, and C. N. Williams, Individually, and as the Board of County Commissioners of the County of Logan, State of Colorado, William M. Work, Donald Queen and Melvin Akers, Individually, and as the Board of County Commissioners of the County of Morgan, State of Colorado, Stanley Shafer, William McCoy, and Harvey Pletcher, Individually, and as the Board of County Commissioners of the County of Yuma, State of Colorado, the Board of County Commissioners of the County of Sedgwick, State of Colorado, the Board of County Commissioners of the County of Kit Carson, State of Colorado, and the Board of County Commissioners of the County of Washington, State of Colorado, Defendants-Appellees and Cross-Appellants.
No. 77-722.
Colorado Court of Appeals, Division II.
January 18, 1979.
Rehearing Denied March 1, 1979.
Certiorari Denied May 7, 1979.
*592 Doyle T. Johns, Jr., Dist. Atty., Fort Morgan, for plaintiffs-appellants.
Randalle C. Stephenson, Yuma County Atty., Wray, Richard D. Thomas, County Atty., Burlington, George M. Reddin, Fort Morgan, Robert B. Smith, County Atty., Sterling, John J. Vandemoer, County Atty., Julesburg, William B. Paynter, Jr., County Atty., Akron, for defendants-appellees and cross-appellants.
Stephen G. Campbell, Andrew A. Vogt, Denver, for Colorado Dist. Attys. Ass'n amicus curiae.
KELLY, Judge.
Doyle T. Johns, Jr., District Attorney for the Thirteenth Judicial District, consisting of Phillips, Logan, Morgan, Yuma, Sedgwick, Kit Carson, and Washington Counties, brought an action against the Boards of County Commissioners of the counties within the district. Johns sought to compel the Boards to increase the district attorney's salary from the statutory minimum of $29,000 per annum to $37,000 per annum, to provide funds for the purchase of an automobile, to pay the district attorney's deputies, assistants, and investigators actual, necessary expenses incurred in the performance of their official duties, and to require the Boards to grant him a joint hearing on his budget request before all the commissioners within the district.
The trial court held that the Boards had acted within their discretion in refusing to grant the requested salary increase and that Johns was not entitled to a hearing on his proposed budget. The trial court further held that the mileage reimbursement for the district attorney is limited to twelve cents per mile by § 24-9-104, C.R.S. 1973 (1976 Cum.Supp.). Finally, the trial court found that the Boards' refusal to approve the purchase of an automobile for the district attorney's use was arbitrary and capricious in view of the large geographical area comprising the Thirteenth Judicial District. Both Johns and the Board appeal these rulings. We affirm in part and reverse in part.

I. District Attorney's Salary

The amount of the district attorney's salary is governed by § 20-1-301, C.R.S. 1973 (1976 Cum.Supp.):
"Commencing January 11, 1977, in every judicial district the district attorney shall receive as compensation for his services the sum of not less than twenty-nine thousand dollars per annum. Any amount in excess of twenty-nine thousand dollars shall be set by the boards of county commissioners of the county or *593 counties comprising the judicial district or the city council of the respective city and county affected."
This statute gives the Boards exclusive authority to determine salary amounts in excess of the $29,000 statutory minimum. A trial court may review budgeting and taxing actions of a board of county commissioners, but must give great deference to the boards' discretionary acts. Decisions by the boards in these areas may be nullified only where the trial court determines that the boards abused their discretion by acting arbitrarily or unreasonably. Tihonovich v. Williams, Colo., 582 P.2d 1051 (1978).
Although Johns presented evidence in the trial court that his salary request was reasonable, the Boards countered with evidence of their other budget concerns. Where there is a conflict in the evidence, an appellate court may determine only whether there is sufficient competent evidence to support the judgment. Famularo v. Board of County Commissioners, 180 Colo. 333, 509 P.2d 958 (1973). Sufficient evidence exists to support the trial court's finding; therefore the trial court's determination is affirmed.

II. Hearing

In conjunction with his salary request, Johns contends that due process requires that he be afforded a hearing on his budget request before all of the Boards within his district. The budget of the Thirteenth Judicial District Attorney's office was determined by the various Boards without providing Johns either notice of, or an opportunity for, a hearing. While procedural due process requires that an agency acting in a quasi-judicial capacity give notice and afford a hearing to every affected individual, notice and a hearing is not required where an administrative agency is acting in a quasi-legislative capacity. Shoenberg Farms, Inc. v. People ex rel. Swisher, 166 Colo. 199, 444 P.2d 277 (1968). Adoption of a budget by the board of county commissioners is a legislative function. Tihonovich, supra. Therefore, while the Boards may grant Johns a hearing to discuss his proposed budget, they are not required to do so.
Further, contrary to his contention, Johns is not entitled to a hearing under the Rulemaking and Licensing Procedures by State Agencies section of the State Administrative Procedure Act, specifically, § 24-4-105, C.R.S. 1973. It is true that boards of county commissioners are regarded as agencies within the scope of the APA, Board of County Commissioners v. Love, 172 Colo. 121, 470 P.2d 861 (1970); however, the provisions of the APA requiring due process hearing apply only to an agency acting in an administrative capacity. Here, the Boards were acting primarily in a legislative capacity. Tihonovich, supra. Thus, the APA does not apply. See Carroll v. Barnes, 169 Colo. 277, 455 P.2d 644 (1969).
Johns also contends the trial court erred in holding that all the official budget meetings were conducted in compliance with the Colorado Public Meeting Law, § 29-9-101 et seq., C.R.S. 1973, and the Open Meeting Law of the Colorado Sunshine Act, § 24-6-101, et seq., C.R.S. 1973. The trial court found that all official budget processing by the Boards was done at their regular board meetings and the Boards did not violate any open or public meeting laws. Again, there is sufficient evidence in the record to support the finding of the trial court and it will not be disturbed on review. Famularo v. County Comm., supra.

III. Mileage Allowance

The trial court determined that the district attorney is a state public officer; therefore, the district attorney and his assistants and deputies were then limited to a mileage reimbursement of twelve cents per mile in the discharge of their official duties pursuant to § 24-9-104, C.R.S. 1973 (1976 Cum.Supp.). This section states:
"On and after July 1, 1973, state officers and employees shall be allowed mileage fees of twelve cents per mile for each mile actually and necessarily traveled on official state business." *594 Johns contends that he is not a state officer and that the Boards are compelled under § 20-1-303, C.R.S. 1973, to pay the actual automobile expenses of the district attorney, his deputies and assistants.
Section 20-1-303, C.R.S. 1973, states:
"Except as otherwise specifically provided, the district attorney of each judicial district in the state of Colorado, and each of his assistants and deputies, shall be allowed to collect and receive from each of the counties in his district the expenses necessarily incurred in the discharge of his official duties for the benefit of such county."
This court has ruled that the district attorney is a state officer. Anderson v. Adams County, Colo.App., 592 P.2d 3 (1978). Accordingly, the district attorney's reimbursement for expenses incurred in the operation of automobiles is governed by § 24-9-104, C.R.S. 1973. Therefore, as a state public officer, the district attorney is entitled to recover twelve cents per mile for the operation of automobiles on official state business. Reimbursement for expenses other than those incurred in the operation of automobiles is not before us.
On cross-appeal, the counties challenge the trial court's ruling that they arbitrarily denied Johns' request for an automobile. A trial court must give great deference to the board's discretionary acts. Tihonovich v. Williams, supra. Here, there was evidence that the Boards considered the request, as well as their other budgetary needs. Under these circumstances, a trial court may not nullify the Boards' legislative determination. Tihonovich v. Williams, supra.
The judgment of the trial court is reversed insofar as it authorizes the purchase of an automobile. The trial court's judgment denying the district attorney a hearing on his salary increase and the judgment limiting the district attorney's reimbursement to twelve cents per mile are affirmed.
ENOCH and STERNBERG, JJ., concur.