COLORADO COUNTIES CASUALTY AND PROPERTY POOL, Board of County Commissioners of the County of Cheyenne, Board of County Commissioners of the County of Kiowa, Board of County Commissioners of the County of Baca, and Ronald E. Foster, in his official capacity as District Attorney for the 15th Judicial District, Plaintiffs–Appellees,

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF PROWERS, Defendant–Appellant.

No. 01CA1345.

Colorado Court of Appeals, Div. IV.

June 20, 2002.

Senter, Goldfarb & Rice, L.L.C., Thomas S. Rice, Eric M. Ziporin, Denver, CO, for Plaintiffs–Appellees.

Lasater & Allen, P.C., J. Scott Lasater, James E. Young, Littleton, CO, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, the Board of County Commissioners of Prowers County, appeals summary judgment entered in favor of plaintiffs, the Colorado Counties Casualty and Property Pool (Pool); the Board of County Commissioners of Cheyenne County, Kiowa County, and Baca County (collectively, plaintiff counties); and the District Attorney for the Fifteenth Judicial District. We affirm.

The Pool is a casualty and property insurance pool consisting of several member counties, including the three plaintiff counties, but not Prowers County.

In 1998, a wrongful termination lawsuit was filed against the district attorney by one of his former employees.

The Pool requested that the Colorado State Claims Board of the Division of Risk Management assume the defense of the district attorney in that lawsuit pursuant to § 24–30–1510, C.R.S.2001 (creating a "risk management fund" to pay liability claims brought against state officials). Alternatively, the Pool sought contribution from Prowers County. The State Claims Board and Prowers County both declined to participate. Consequently, the Pool and the district attorney's private insurer paid the defense costs and settlement of the action on behalf of the district attorney.

The Pool and the plaintiff counties subsequently brought this action for indemnification against the State Claims Board and for contribution against Prowers County for the costs expended in the underlying litigation.

On cross-motions for summary judgment, the trial court dismissed the State Claims Board from the litigation, ruling that the district attorney is not covered by the risk management fund. The appealability of this ruling is presently pending on petition for certiorari before the Colorado Supreme Court.

The trial court also entered judgment against Prowers County for its pro rata con-

tribution and indemnification for the defense and settlement expenses incurred in the underlying suit. Prowers County appeals this judgment here.

## I.

■ Prowers County contends that because the costs for defending the district attorney in a lawsuit are not expenses contemplated by § 20–1–303, C.R.S.2001, the trial court erred in ruling it was liable for those costs. We disagree.

As relevant here, § 20–1–303 provides that "the district attorney of each judicial district in the state of Colorado ... shall be allowed to collect and receive from each of the counties in his district the expenses necessarily incurred in the discharge of his official duties for the benefit of such county."

Prowers County argues that although no Colorado case has defined the "expenses necessarily incurred in the discharge of his official duties for the benefit of such county," the case law indicates that not all costs associated with the district attorney's office are considered necessary for maintaining an office. Prowers County relies on cases such as *Beacom v. Board of County Commissioners*, 657 P.2d 440 (Colo.1983), and *Johns v. Miller*, 42 Colo.App. 97, 594 P.2d 590 (1979). Prowers County also argues that because the underlying lawsuit alleged willful and wanton conduct, the expenses were not incurred in the discharge of the district attorney's official duties. In essence Prowers County thus argues that day-to-day functions of the district attorney are "necessary expenses" under that statute, but that the expenses associated with defending and indemnifying a lawsuit based on misconduct are not. We are not persuaded by this argument.

It is foreseeable that the district attorney would have employees and, consequently, that such employees might sue for wrongful termination.

Section 24–10–110(1.5), C.R.S.2001, provides that the public entity is liable for reasonable costs of defense for claims against a public employee arising from an act of the employee during the performance of his duties and within the scope of his employment.

The lawsuit filed by the former employee here was based on conduct by the district attorney within the performance of his duties and the scope of his employment. Moreover, the lawsuit was settled before any willful and wanton conduct was proved.

Under these circumstances, we agree with the trial court that the expenses of defending the lawsuit, including the settlement monies, were expenses contemplated by § 20–1–303 for which Prowers County is liable for its share.

## II.

■ Prowers County also contends that because it has final discretion to approve the district attorney's proposed budget under § 30–11–107(2), C.R.S.2001, the court erred in requiring it to reimburse the district attorney for unapproved budgetary costs in the form of the defense expenses for the litigation. We disagree with this contention as well.

Section 30–11–107(2) gives the board of county commissioners of each county the exclusive power to adopt the annual budget for the operation of the county government and provides that the final budget determination is binding.

Prowers County asserts that it has constructively denied the district attorney's request for the litigation expenses. However, even assuming that Prowers County had discretion to deny payment, the trial court could properly set aside such denial as an abuse of discretion where the county had an obligation to pay. Therefore, we disagree with Prowers County's contention that because it did not approve the unforeseen liability expenses in the district attorney's budget, the trial court was barred from imposing liability on it.

## III.

■ Finally, Prowers County asserts that the assignment of rights by the district attorney's private insurer to the Pool was invalid because it was made after the lawsuit was

filed and it was not disclosed until after judgment was entered. We again find no error in the trial court's ruling.

The trial court initially ruled that Prowers County "ought to pay its fair share" of the district attorney's litigation expenses. The court held a hearing after the four counties were unable to agree on the amount of the expenses. At that hearing, the court found:

> At the time they were talking about settlement [the district attorney's private insurer] had an oral agreement with the other plaintiffs in this case that there was an assignment of any recovery due to [the private insurer] if recovery could be had from the state of Colorado or other people.

The court further found that "perhaps [the assignment] was reduced to writing sometime after the settlement, but in the Court's view it doesn't make any difference when it was reduced to writing or if it was at all." Thus, the court ruled that the assignment was valid.

Prowers County characterizes the issue on appeal as whether the Pool and the plaintiff counties "may recover more money than their incurred damages when no assignment of rights has ever been pleaded with respect to the damages in this matter, nor disclosed ... prior to the court ruling" that Prowers County was liable for its share of the expenses. However, Prowers County has not referred us to any authority except *Alpine Associates, Inc. v. KP & R, Inc.*, 802 P.2d 1119 (Colo.App.1990), to support its position, and its reliance on that authority is misplaced. The court in *Alpine* held that the plaintiff's post-trial assignment did not cure the defect that the lawsuit was not prosecuted in the name of a real party in interest.

Because Prowers County is liable for its share of all the expenses incurred in defending and settling the underlying lawsuit, and no one disputes that both the Pool and the district attorney's private insurer expended monies on his behalf, Prowers County has not set forth any compelling argument as to how it was prejudiced by the delay in reducing the assignment to writing or disclosing it.

Thus, we conclude that the trial court did not err in ruling that the assignment was valid. *See Thistle, Inc. v. Tenneco, Inc.*, 872 P.2d 1302, 1305 (Colo.App.1993)("even if there has been no assignment of the claim at the time suit is instituted, if the plaintiff is assigned the claim at some time prior to trial, such assignment is sufficient").

Judgment affirmed.

Judge VOGT and Judge CRISWELL,* concur.