COLORADO COURT OF APPEALS                                  **2017COA113**

Court of Appeals No. 16CA1473
Las Animas County District Court No. 13CV30013
Honorable Ronald G. Crowder, Judge

Francisco "Frank" Ruybalid IV,

Plaintiff-Appellant,

v.

Board of County Commissioners of the County of Las Animas County,
Colorado; Anthony Abeyta, member of the Las Animas Board of County
Commissioners; Gary D. Hill, member of the Las Animas Board of County
Commissioners; Mack Louden, member of the Las Animas Board of County
Commissioners; Board of County Commissioners of the County of Huerfano
County, Colorado; Gerald Cisneros, member of the Huerfano Board of County
Commissioners; Ray Garcia, member of the Huerfano Board of County
Commissioners; and Max Vezanni, member of the Huerfano Board of County
Commissioners,

Defendants-Appellees.

_____

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE DUNN
Hawthorne and Navarro, JJ., concur

Announced August 24, 2017

_____

Kamm & McConnell, L.L.C., Steven L. McConnell, Raton, New Mexico, for
Plaintiff-Appellant

Newnam Land LLP, Mary D. Newnam, Wimberley, Texas, for Defendants-
Appellees Board of County Commissioners of the County of Las Animas
County, Anthony Abeyta, Gary D. Hill, and Mack Louden

Garrett Sheldon, Walsenburg, Colorado, for Defendants-Appellees Board of County Commissioners of the County of Huerfano County, Gerald Cisneros, Ray Garcia, and Max Vezanni

¶ 1     Francisco "Frank" Ruybalid IV admitted to serial violations of the Colorado Rules of Professional Conduct during his tenure as District Attorney for the Third Judicial District, located in Las Animas and Huerfano Counties.  Believing that the Counties should be on the hook for the fees and costs he incurred to defend himself in the disciplinary proceeding, he sued them.[1]  Seeing no legal claim, the district court dismissed the complaint.  Urging us to undo that ruling, Mr. Ruybalid professes to have statutory and equitable rights to attorney fees and costs.  Because he doesn't, we affirm.

## I.     Background

¶ 2     In 2000, the citizens of the Third Judicial District elected Mr. Ruybalid District Attorney.  During his term, the Office of Attorney Regulation Counsel filed disciplinary charges against him.

¶ 3     After the Counties refused to assume Mr. Ruybalid's defense, he hired counsel to represent him in the disciplinary action.  Mr. Ruybalid eventually entered into a stipulation, admitting to a pattern of discovery violations and several instances of failing to

---

[1] Mr. Ruybalid named as defendants the respective Boards of County Commissioners, along with each individual commissioner.

supervise and train his subordinates.  He acknowledged that his discovery violations — and those of his subordinates — resulted in sanctions and suppression of key evidence in over a dozen criminal cases.  He also agreed that, as a direct result of these violations, the prosecution dismissed the majority of those cases.  And he stipulated that he "did not diligently represent the People" and "engaged in conduct prejudicial to the administration of justice" in violation of the Colorado Rules of Professional Conduct.

¶ 4    The Presiding Disciplinary Judge approved the "conditional admission of misconduct and suspended [Mr. Ruybalid] for six months, all stayed upon the successful completion of a twenty-three-month" probation period.  *People v. Ruybalid*, Nos.13PDJ065, 14PDJ064, 2010 WL 11020220, at *1 (Colo. O.P.D.J. Jan. 28, 2010).

¶ 5    After resolving the disciplinary action, Mr. Ruybalid filed a complaint for declaratory relief against the Counties, seeking reimbursement for his attorney fees and other costs incurred in the disciplinary proceeding.  He specifically asked the court to declare that "the [C]ounties were required to indemnify and defend [him] against the claims asserted in the [d]isciplinary [a]ction" and that

2

he "is allowed to collect . . . all of his reasonable and necessary attorney[] fees, expert witness fees, expenses, practice monitor fees and costs" incurred in that action.

¶ 6    The Counties moved to dismiss the complaint for failure to state a claim, arguing Mr. Ruybalid had no right to attorney fees and costs. Mr. Ruybalid countered that he had a statutory entitlement to attorney fees and costs and, in addition, he had stated an equitable claim for such fees and costs. The district court concluded that Mr. Ruybalid had stated neither a statutory nor an equitable claim for attorney fees and costs, and it dismissed the complaint.

## II.    Section 20-1-303

¶ 7    Mr. Ruybalid's primary contention is that he is statutorily entitled to attorney fees and costs under section 20-1-303, C.R.S. 2016, and the district court erred in concluding otherwise. The issue for us then is whether that statute requires the Counties to reimburse Mr. Ruybalid for such fees and costs. We conclude it does not.

¶ 8    That parties generally bear their own costs of litigation absent a statute, court rule, or private contract permitting those costs to be

3

shifted is well settled.  *See, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602-03 (2001); *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996).  And while this so-called American Rule is more often considered in the context of whether a prevailing party may recover fees and costs from an opposing party, it reflects the broader and long-held presumption that parties pay their own legal fees and costs, "win or lose."  *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. ___, ___, 135 S. Ct. 2158, 2164 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("[I]t is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees.").

¶ 9    We will not conclude that a statute alters the American Rule and shifts attorney fees and costs to another absent "explicit statutory authority."  *Buckhannon*, 532 U.S. at 602 (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)); *see also City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1114 (Colo. 1996) (Courts do not construe a fee-shifting provision as mandatory unless its directive is specific and clear.).  And such explicit

4

statutory authority tends to plainly "authorize the award of 'a reasonable attorney's fee,' 'fees,' or 'litigation costs,' and usually refer[s] to a 'prevailing party' in the context of an adversarial 'action.'" *Baker Botts*, 576 U.S. at ___, 135 S. Ct. at 2164 (citing specific statutory examples). Following this lead, we will not infer an exception to the general rule that parties pay their own attorney fees and costs from statutory provisions "that do not explicitly address attorney fees." *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 821 (Colo. 2002); *see also* § 13-16-122(1)(h), C.R.S. 2016 (Attorney fees are recoverable as costs only "when authorized by statute or court rule.").

¶ 10 We review de novo whether a statute mandates an award of attorney fees and costs. *Castro v. Lintz*, 2014 COA 91, ¶ 11.

¶ 11 Section 20-1-303 states that a district attorney "shall be allowed to collect and receive from each of the counties in his district the expenses necessarily incurred in the discharge of his official duties for the benefit of such county." This section says nothing about attorney fees, fees, or litigation costs. *See Baker Botts*, 576 U.S. at ___, 135 S. Ct. at 2164. Nor does it reference litigation, any type of action or proceeding, or prevailing parties.

*See id.* That is, nothing in section 20-1-303 even hints at a legislative intent to include attorney fees or litigation costs incurred in a disciplinary proceeding as "expenses necessarily incurred" in discharging a district attorney's official duties. Because nothing in the statute explicitly authorizes awarding Mr. Ruybalid his attorney fees and costs, we cannot agree that the use of the term "expenses" — untethered as it is from a legal proceeding or reasonable attorney fees — creates an exception to the long-established presumption that parties to a legal proceeding pay their own way.

¶ 12    It is indeed rare for courts to sweep attorney fees into statutory language that uses phrases other than "attorney fees." *See, e.g.*, *Leadville Water Co. v. Parkville Water Dist.*, 164 Colo. 362, 365, 436 P.2d 659, 660 (1967) (declining to interpret "just compensation" in eminent domain provision of Colorado Constitution to include attorney fees in absence of statute expressly so providing); *In re Marriage of Wright*, 841 P.2d 358, 361 (Colo. App. 1992) ( "[T]he term 'costs' normally does not include attorney fees."); *Lanes v. O'Brien*, 746 P.2d 1366, 1374 (Colo. App. 1987) (Attorney fees were not authorized in statute allowing for reimbursement "for 'any costs' incurred" in an administrative

proceeding; the legislature later specifically added "attorney fees" to the language of the statute at issue, Ch. 251, sec. 1 § 24-50.5-104(2), 1997 Colo. Sess. Laws 1418.); *see also State ex rel. Bryant v. McLeod*, 888 S.W.2d 639, 642 (Ark. 1994) ("The terms 'costs' or 'expenses' when used in a statute do not ordinarily include attorneys' fees."); *Merlino v. Delaware Cty.*, 728 A.2d 949, 951 (Pa. 1999) (Use of the word "expense" in a statute was "insufficient to constitute a basis for the award of attorneys' fees.").

¶ 13    For these reasons, we cannot agree with Mr. Ruybalid that the Counties' statutory obligation to pay for "expenses necessarily incurred" in discharging a district attorney's official duties creates an exception to the American Rule.

¶ 14    Consider also that had the General Assembly intended to permit district attorneys to recover attorney fees and costs incurred in a legal proceeding, disciplinary or otherwise, it would have said so.  After all, it has plainly provided that public officials may recover reasonable attorney fees and costs incurred in defending against certain tort claims.  § 24-10-110(1.5), C.R.S. 2016.  And it has explicitly and plainly authorized the recovery of attorney fees in various other statutes.  *See* § 5-6-114(3), C.R.S. 2016 (allowing

7

Consumer Credit Code administrator to seek reimbursement of attorney fees when the administrator is the prevailing party); § 13-17-102(2), C.R.S. 2016 (authorizing attorney fees against a party when a showing is made that the party brought or defended a civil action that "lacked substantial justification" in whole or in part); § 13-17-201, C.R.S. 2016 (mandating award of attorney fees when a trial court dismisses a tort action under C.R.C.P. 12); § 18-4-405, C.R.S. 2016 (allowing awards of attorney fees in civil theft actions); § 24-4-106(8), C.R.S. 2016 (requiring attorney fees awards for frivolous proceedings that contest a rulemaking agency's jurisdiction or authority). These statutes share a clear intent to deviate from the American Rule — an intent that is not expressed in, or even suggested by, section 20-1-303.

¶ 15     All that said, we are left to address *Colorado Counties Casualty & Property Pool v. Board of County Commissioners*, 51 P.3d 1100 (Colo. App. 2002). That case seems to interpret section 20-1-303, and both sides point to language in the opinion that they argue supports their respective positions.

¶ 16     In *Colorado Counties*, a former employee sued a district attorney for wrongful termination. *Id.* at 1101. Three of the four

counties in which the judicial district sat paid the district attorney's defense fees and costs. *Id.* The counties that paid then sought reimbursement from the county that did not (Prowers County) under section 20-1-303 and perhaps the Colorado Governmental Immunity Act (CGIA), § 24-10-110(1.5).[2] *Colorado Counties*, 51 P.3d at 1101. The trial court entered judgment against Prowers County and ordered that it indemnify the other counties for its share of defense costs and settlement expenses. *Id.* at 1101-02. On appeal, a division of this court concluded that the attorney fees and costs were necessarily incurred because it "is foreseeable that the district attorney would have employees and, consequently, that such employees might sue for wrongful termination." *Id.* at 1102.

¶ 17 To the extent *Colorado Counties* can be read to authorize payment of attorney fees and costs under section 20-1-303, for three reasons, we don't agree. *See City of Steamboat Springs v. Johnson,* 252 P.3d 1142, 1147 (Colo. App. 2010) ("We are not bound to follow a prior division's ruling."). First, it is not apparent

---

[2] The opinion shifts between discussing the CGIA, § 24-10-110(1.5), C.R.S. 2016, and section 20-1-303, C.R.S. 2016, but it does not specifically identify what claims the counties asserted in their complaint.

(and the opinion does not say) how the counties had standing to assert a claim under section 20-1-303.[3]  *See* § 20-1-303 (referring solely to the district attorney's ability to collect and receive certain expenses).  So whether the trial court or this court had jurisdiction to consider the counties' claim is questionable.  Second, *Colorado Counties* addressed neither the American Rule nor the lack of any explicit language in section 20-1-303 authorizing attorney fees.  Third, with no explanation or analysis, *Colorado Counties* fused the standard for obtaining attorney fees under the CGIA (which expressly allows for attorney fees) into section 20-1-303 (which says nothing about attorney fees).  We see no analytical basis to import the CGIA into section 20-1-303 and are left unconvinced that the General Assembly so intended.  Because we do not agree with *Colorado Counties*, we need not determine whether it helps or hurts Mr. Ruybalid.

¶ 18    Perhaps anticipating problems with the statutory language, Mr. Ruybalid pursues a second path, arguing that he should be reimbursed for attorney fees and costs incurred in defending a

---

[3] Nothing in the opinion suggests that the counties brought a derivative claim.

10

disciplinary proceeding as a matter of public policy. He argues that without reimbursement, "the office of the District Attorney cannot be maintained nor exist." This is so, he continues, because it is foreseeable that prosecutors will be grieved, and without reimbursement, qualified candidates will be deterred from serving the public for fear of being required to either consent to discipline or "face personal financial ruin." The Counties retort that it is not in the public's interest to force taxpayers to pay the attorney fees of an admitted ethics violator. Whatever the merits of these competing arguments, matters of public policy are better addressed by the General Assembly, not us. *See Samuel J. Stoorman & Assocs., P.C. v. Dixon*, 2017 CO 42, ¶ 11; *Huizar*, 52 P.3d at 821. Should the General Assembly conclude that policy considerations favor requiring counties to reimburse district attorneys for defending disciplinary charges, and, if so, under what conditions, it will so legislate. *Stoorman,* ¶ 11 ("The General Assembly sets public policy, and express statutory language is the main vehicle it uses.").[4]

---

[4] For instance, the General Assembly could condition reimbursement on whether a district attorney successfully defends against the disciplinary charges or on whether the disciplinary charges are without factual or legal basis.

11

¶ 19    Finally, each party invites us to consider selected out-of-state opinions for guidance.  But these cases are based either on that state's common law, *see Lomelo v. City of Sunrise*, 423 So. 2d 974, 976 (Fla. Dist. Ct. App. 1982), or on dissimilar statutes, *see Spatola v. Town of New Milford*, 44 Conn. L. Rptr. 242, 2007 WL 3038100, at *1 n.1 (Conn. Super. Ct. Sept. 26, 2007) (unpublished opinion); *Triplett v. Town of Oxford*, 791 N.E.2d 310, 313 (Mass. 2003); *Sanders v. State*, 207 P.3d 1245, 1247 (Wash. 2009).  Out-of-state authority is therefore unhelpful here.

¶ 20    Leaving aside the fact that the statute doesn't exempt Mr. Ruybalid from bearing his own attorney fees and costs, we also observe that he failed to allege any facts that the expenses incurred in defending the disciplinary proceeding were "for the benefit of" the Counties.  § 20-1-303.  While we accept all factual allegations in the complaint as true, we do not do the same with conclusory allegations or legal conclusions.  *Warne v. Hall*, 2016 CO 50, ¶ 9; *Fry v. Lee*, 2013 COA 100, ¶ 17.  This means that, to survive a motion to dismiss, a complaint must allege more than conclusions.  *Warne*, ¶ 9; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Mere legal conclusions cannot survive a motion to dismiss.).

¶ 21    The complaint here did not.  It simply parroted the statutory language, alleging in a conclusory fashion that the expenses Mr. Ruybalid incurred in the disciplinary proceeding were "for the benefit of" the Counties.  Simply asserting a legal conclusion — bereft of any supporting factual allegations — does not state a plausible claim for relief.  *Warne*, ¶ 9.

¶ 22    In sum, we agree with the district court that Mr. Ruybalid failed to state a claim that the Counties were required to reimburse him for the attorney fees and costs incurred to defend his disciplinary proceeding under section 20-1-303.

### III.    Promissory Estoppel

¶ 23    Mr. Ruybalid's contention that the district court erroneously dismissed his promissory estoppel claim fares no better.

¶ 24    Promissory estoppel provides relief to those without an enforceable contract who were harmed because they relied on another's promise.  *G & A Land, LLC v. City of Brighton*, 233 P.3d 701, 703 (Colo. App. 2010).  To assert a claim for promissory estoppel, a plaintiff must allege facts showing a promise by the defendant, action or forbearance by the plaintiff induced by the

13

promise, and injustice that can be avoided only by enforcing the promise. *Id.*

¶ 25    Mr. Ruybalid, however, did not allege facts showing that the Counties promised him anything. More to the point, he did not allege the Counties promised to reimburse him for attorney fees and costs incurred in defending a disciplinary proceeding. Rather than alleging that the Counties directly promised to reimburse Mr. Ruybalid, the promissory estoppel claim appears to be based on three statutes.[5] But Mr. Ruybalid points to no authority — nor are we aware of any — that allows a plaintiff to maintain a promissory estoppel claim against a local government based on a statute enacted by the state legislature. And even if it is conceivable to do so, the Counties did not draft or enact the statutes. *See Denver Milk Producers v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers' Union*, 116 Colo. 389, 414, 183 P.2d 529, 541 (1947)

---

[5] Specifically, the complaint identified section 20-1-302, C.R.S. 2016 (requiring counties, in proportion to their populations, to provide "necessary expenses of maintaining an office for the transaction of official business"); section 20-1-303 (requiring a county to pay "expenses necessarily incurred in the discharge of . . . official duties for the benefit of such county"); and section 24-10-110 (authorizing indemnification of public officials for defending certain tort claims).

("[T]he legislature has plenary power to legislate . . . ."). So the identified statutes do not reflect any "promise" by the Counties.

¶ 26 That is not to say a plaintiff may not maintain a promissory estoppel claim against a board of county commissioners. *See Bd. of Cty. Comm'rs v. DeLozier*, 917 P.2d 714 (Colo. 1996). But such a claim must be based upon a clear and unambiguous promise the board made to the plaintiff. *Id.* (allowing promissory estoppel claim against a board where the plaintiff alleged the board breached its employment promise to her).

¶ 27 Given the allegations in the complaint, we agree with the district court that Mr. Ruybalid did not allege facts showing the Counties unambiguously promised to reimburse him for attorney fees and costs he incurred in defending the disciplinary proceeding. The district court therefore correctly concluded that Mr. Ruybalid failed to state a promissory estoppel claim.

IV. Other Challenges to the Court's Dismissal

¶ 28 Mr. Ruybalid also contends that the district court erred by (1) making factual findings that the disciplinary action did not benefit the Counties; (2) stating that, to be entitled to indemnification under section 20-1-303, Mr. Ruybalid "needed to

15

have stated a plausible claim" under the CGIA; and (3) determining Mr. Ruybalid was required to successfully defend the disciplinary proceeding before the Counties were obligated to pay. We need not delve into these specific contentions, however, because they all assume that Mr. Ruybalid is entitled to attorney fees under section 20-1-303. Because he is not, even if he is correct that the court erred in any of these respects, it does not alter the fact that Mr. Ruybalid is not entitled to reimbursement of his attorney fees and costs.

## V. Conclusion

¶ 29    The judgment is affirmed.

JUDGE HAWTHORNE and JUDGE NAVARRO concur.