Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 10, 2019

## 2019 CO 49

**No. 17SC708,** *Ruybalid v. Bd. of Cty. Comm'rs*—**Statutory Interpretation—District
Attorney—Attorney's Fees.**

Francis Ruybalid committed numerous ethical violations arising out of cases that
he either prosecuted or supervised while he was the District Attorney for the Third
Judicial District.  He argues that he is entitled to the attorney's fees and costs he
incurred while defending these allegations.

We conclude that because Ruybalid's ethical violations were at times committed
recklessly or knowingly, his attorney's fees and costs were not necessarily incurred in
the discharge of his official duties.  We therefore hold that Ruybalid is not entitled to
reimbursement for the attorney's fees and costs that he incurred in defending the
alleged ethical violations.

Accordingly, the court of appeals' judgment is affirmed on different grounds.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

---

**2019 CO 49**

---

**Supreme Court Case No. 17SC708**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA1473

---

**Petitioner:**

Francisco "Frank" Ruybalid IV,

v.

**Respondents:**

Board of County Commissioners of the County of Las Animas County, Colorado; Anthony Abeyta, member of the Las Animas Board of County Commissioners; Gary D. Hill, member of the Las Animas Board of County Commissioners; Mack Louden, member of the Las Animas Board of County Commissioners; Board of County Commissioners of the County of Huerfano County, Colorado; Gerald Cisneros, member of the Huerfano Board of County Commissioners; Ray Garcia, member of the Huerfano Board of County Commissioners; and Max Vezanni, member of the Huerfano Board of County Commissioners.

---

**Judgment Affirmed**
*en banc*
June 10, 2019

---

**Attorneys for Petitioner:**
Francisco E. Ruybalid
    *Trinidad, Colorado*

Limited Appearance by Steven Lawrence Jensen
    *Golden, Colorado*

**Attorneys for Respondents Board of County Commissioners of the County of Huerfano, Gerald Cisneros, Ray Garcia, and Max Vezanni:**
Garrett Sheldon

*Walsenburg, Colorado*

**Attorneys for Respondents Board of County Commissioners of the County of Las Animas, Anthony Abeyta, Gary D. Hill, and Mack Louden:**
Newnam Land LLP
Mary D. Newnam
*Wimberley, Texas*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1     Francisco Ruybalid was accused of numerous ethical violations arising out of cases that he either prosecuted or supervised while he was the District Attorney for the Third Judicial District of Colorado. Ultimately, Ruybalid admitted to 26 violations in exchange for another 138 alleged violations being dismissed. As a result of initially contesting the allegations of misconduct, Ruybalid incurred substantial attorney's fees and costs during the disciplinary proceeding. The counties of the Third Judicial District refused to reimburse Ruybalid for these expenses. We must now determine whether the counties are obligated to reimburse Ruybalid for these attorney's fees and costs under section 20-1-303, C.R.S. (2018), which directs a county to reimburse a district attorney for "expenses necessarily incurred in the discharge of his official duties for the benefit of [the] county."[1]

¶2     We conclude that because Ruybalid's ethical violations were at times committed recklessly or knowingly, his attorney's fees and costs were not necessarily incurred in the discharge of his official duties. Hence, we hold that Ruybalid is not entitled to

---

[1] We granted certiorari to review the following issues:

1. Whether the court of appeals erred in upholding the trial court's dismissal of the case for failure to state a claim, based on its conclusion that Ruybalid did not plead facts sufficient to show that the expenses were incurred in his official duties and for the benefit of the counties.

2. Whether the court of appeals erred in holding that the "expenses" for which a district attorney is entitled to reimbursement by the counties of his district, according to section 20-1-303, C.R.S. (2017), cannot include attorney's fees and litigation costs, regardless of the nature of the litigation against which the district attorney must defend.

reimbursement for the attorney's fees and costs that he incurred in defending the disciplinary proceeding against him, and therefore he failed to state a claim for relief in his original complaint. As a result, we affirm the court of appeals' decision on different grounds.

## I. Facts and Procedural History

¶3    Ruybalid served as District Attorney for the Third Judicial District of Colorado, which comprises Las Animas and Huerfano Counties (the Counties). During Ruybalid's term as district attorney, the Office of Attorney Regulation Counsel filed two disciplinary complaints against him that alleged over 150 ethical violations related to his failure to provide discovery in cases that he either prosecuted or supervised. During the ensuing disciplinary proceeding, the Counties refused to assume the cost for Ruybalid's defense;[2] as a result, Ruybalid hired private counsel.[3] The disciplinary proceeding eventually resolved when Ruybalid entered into a stipulation. In that stipulation, Ruybalid admitted that he had failed to provide the required discovery in eighteen cases. Ultimately, Ruybalid admitted to twenty-six ethical violations: eight violations of Colo. RPC 1.3 (failure to act diligently and promptly in representing a client); eight violations of Colo. RPC 8.4(d) (engaging in conduct that is prejudicial to

---

[2] The two complaints were heard in a single disciplinary proceeding that resulted in a single stipulation. Therefore, we refer to the complaints as the disciplinary case or the disciplinary proceeding.

[3] Prior to the initiation of the disciplinary proceeding, the Counties had obtained insurance coverage for Ruybalid that led to a $7,000 check being issued to him.

the administration of justice); and ten violations of Colo. RPC 5.1(b) (failure to make reasonable efforts to ensure that subordinate lawyers conform to the Rules of Professional Conduct). In return, 138 alleged ethical violations were dismissed. For purposes of determining the appropriate sanction, Ruybalid stipulated that his mental state varied during each ethical violation from negligent, to reckless, to knowing. As a result of the stipulation, Ruybalid agreed to pay over $23,000 in costs incurred in the disciplinary proceeding; he was then suspended from practicing law for six months, which was stayed pending his successful completion of a twenty-three-month probation period. In addition to the $23,000 in costs, Ruybalid claims to have accrued over $200,000 in attorney's fees.

¶4 After resolving the disciplinary case, Ruybalid filed a complaint in district court for a declaratory judgment and attached a copy of the stipulation from the disciplinary proceeding. In the complaint, Ruybalid asserted that the Counties were obligated to reimburse him for the attorney's fees and costs that he incurred during the disciplinary proceeding as well as the costs that he would incur in complying with the terms of his probation. Ruybalid argued that the fees and costs from the disciplinary proceeding were "expenses necessarily incurred in the discharge of his official duties for the benefit of" the Counties under "the DA Expense Statute"—section 20-1-303. Ruybalid pointed to two other sources of potential authority to support his argument that the Counties were obligated to reimburse him: section 24-10-110, C.R.S. (2018), of the Colorado Government Immunity Act (CGIA) and *Colorado Counties Casualty & Property Pool v. Board of County Commissioners*, 51 P.3d 1100 (Colo. App. 2002) (holding that a district

5

attorney was entitled to attorney's fees incurred while defending against a wrongful discharge lawsuit).[4] The Counties moved to dismiss the complaint for failure to state a claim under C.R.C.P. 12(b)(5).

¶5 The district court granted the motion to dismiss. It first found that Ruybalid's actions were disallowed by ethical canons. For this reason, the court concluded that his conduct did not constitute performance of the official duties of a district attorney, and thus was not covered by the DA Expense Statute. Additionally, the district court found that section 24-10-110 of the CGIA did not cover Ruybalid's attorney's fees because there was no injury sustained by a third party—a requirement under the CGIA. Finally, the court concluded that *Colorado Counties* was distinguishable because Ruybalid's cause of action pertained to defending a claim of an ethical violation, whereas *Colorado Counties* pertained to defending against a tort claim.

¶6 The court of appeals affirmed on different grounds. It began its analysis by applying the American Rule, which provides that absent statutory authority to the contrary each party is presumed responsible for its own litigation fees and costs. *Ruybalid v. Bd. of Cty. Comm'rs*, 2017 COA 113, ¶ 8, __ P.3d __ (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602–03 (2001);

---

[4] Ruybalid also argued that even if he had no statutory right to attorney's fees and costs, he was entitled to such under theories of equitable and promissory estoppel. The district court and the court of appeals each found that Ruybalid did not have an equitable claim to attorney's fees and costs, and we did not grant certiorari on that issue.

*Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996)). Because the DA Expense Statute did not overcome the American Rule's presumption, the court of appeals concluded that the statute could not be read to cover Ruybalid's attorney's fees and costs. *Id.* at ¶¶ 11–13.

¶7 The court of appeals also differed from the district court in its handling of section 24-10-110 of the CGIA and *Colorado Counties*. The court of appeals refrained from applying *Colorado Counties* because it "did not agree with [the case]." *Id.* at ¶ 17. And it concluded that there was "no analytical basis to import the CGIA into [the DA Expense Statute]." *Id.*

¶8 We granted certiorari.

## II. Standard of Review

¶9 We review questions of law de novo. *Lucero v. People*, 2012 CO 7, ¶ 19, 272 P.3d 1063, 1065. Whether a statute mandates an award of costs or attorney's fees is a question of statutory interpretation that we also review de novo. *Crandall v. City of Denver*, 238 P.3d 659, 661 (Colo. 2010).

## III. Analysis

¶10 We begin by concluding that the American Rule is inapplicable to Ruybalid's case. Next, we examine the elements of the DA Expense Statute and conclude that because Ruybalid's ethical violations were at times committed recklessly or knowingly, his attorney's fees and costs were not necessarily incurred in the discharge of his official duties. Hence, we hold that Ruybalid is not entitled to reimbursement for the attorney's

fees and costs that he incurred in defending the disciplinary proceeding against him, and therefore he failed to state a claim for relief in his complaint.

## A. The American Rule Is Not Applicable

¶11 As noted, the court of appeals relied on the American Rule—the presumption that parties pay their own legal fees and costs absent explicit statutory authority otherwise—to affirm the trial court's dismissal of Ruybalid's complaint. *Ruybalid*, ¶ 8. In Colorado, the American Rule has typically applied in cases involving a request for the losing party to pay the attorney's fees of the prevailing party. *See id.* That is not the case here. Rather, Ruybalid is asking for a nonparty to reimburse him for attorney's fees and costs incurred during his disciplinary hearing. We decline to extend the American Rule to this circumstance. Therefore, we conclude that the American Rule is inapplicable in this context.

## B. The DA Expense Statute

¶12 The DA Expense Statute, section 20-1-303, allows for district attorneys to collect and receive funds from the counties in their district for expenses necessarily incurred in the discharge of their duties:

> Except as otherwise specifically provided, the district attorney of each judicial district in the state of Colorado, and each of his assistants and deputies, shall be allowed to collect and receive from each of the counties in his district the expenses necessarily incurred in the discharge of his official duties for the benefit of such county.

¶13 Broken down, the DA Expense Statute contains three elements that must be met before the counties that constitute a district must reimburse its district attorney: (1) there must be fees, (2) that were necessarily incurred in the discharge of the district

8

attorney's official duties, and (3) for the benefit of the county. *See* § 20-1-303. Because this case arises out of a C.R.C.P. 12(b)(5) motion, we accept Ruybalid's assertion that he incurred fees for legal services. We therefore turn to the second element: whether Ruybalid's fees were necessarily incurred in the discharge of his official duties.

¶14 Ruybalid argues that this element is satisfied because all of the actions that gave rise to the allegations in the disciplinary proceeding occurred during the course of cases he either prosecuted or supervised as District Attorney. No one disputes that the conduct subject to the disciplinary action occurred when Ruybalid was the elected District Attorney for the Third Judicial District, but that is not the end of the inquiry. The question remains whether those violations were *necessarily incurred* in the discharge of his official duties. We now turn to this question.

¶15 To begin, a district attorney is responsible for enforcing the law, *see People v. Dist. Court*, 632 P.2d 1022, 1023 (Colo. 1981) (citing *Singer v. United States*, 380 U.S. 24, 37 (1965)), and is charged with acting as a zealous advocate and an administrator of justice, Criminal Justice Standards for the Prosecution Function, Standard 3-1.2(a) (Am. Bar Ass'n 2018). In this capacity, a district attorney owes a duty to appear on behalf of the state and any counties in his or her judicial district. § 20-1-102, C.R.S. (2018). But the duties of a district attorney do not just require appearing in court; rather, a district attorney must do justice. *See* Criminal Justice Standards for the Prosecution Function, Standard 3-1.2(b) (explaining that a prosecutor has a duty "to protect the innocent and convict the guilty"). Inherent in the pursuit of justice is the obligation to comply with the Rules of Professional Conduct. *See People ex. rel. N.R.*, 139 P.3d 671, 678 (Colo. 2006)

9

(Bender, J., concurring in part and dissenting in part) (explaining that district attorneys owe an ethical duty to the judicial process, which includes a duty to comply with the Rules of Professional Conduct). Additionally, the district attorney must comply with the Rules of Criminal Procedure. These rules impose an obligation on the district attorney to provide discovery to the defense in accordance with Crim. P. 16. *See People v. Millitello*, 705 P.2d 514, 518–19 (Colo. 1985) (explaining that adherence to Crim. P. 16 "is grounded in the constitutional requirements of due process").

¶16    Significantly, Ruybalid's ethical violations arose out of discovery violations and resulted in fifteen cases being dismissed.[5] In other words, Ruybalid's conduct was so deficient that the court found that suppression of evidence or dismissal was the appropriate sanction.[6] That is remarkable, because a trial court is required to impose the least severe sanctions that will assure compliance with discovery orders. *People v. Lee*, 18 P.3d 192, 196–97 (Colo. 2001). Under this rationale, the exclusion of evidence or the dismissal of a case is appropriate when there is willful misconduct or a pattern of neglect by the prosecutor. *See id.* The fifteen cases being dismissed as sanctions is consistent with Ruybalid's stipulation that many of his ethical violations were committed recklessly or knowingly. We conclude that costs that arise from recklessly or

---

[5] Fourteen cases were dismissed by the prosecution due to the court's imposition of a sanction that suppressed evidence. One case was dismissed by the judge as a sanction after finding a "severe" discovery violation at a pretrial conference.

[6] None of the orders imposing sanctions were appealed.

knowingly engaging in unethical conduct cannot by any standard constitute costs that are necessarily incurred in the discharge of a district attorney's official duties.[7]

¶17    Simply put, Ruybalid was sanctioned for *failing* to perform his official duties in an extraordinarily high number of cases, and he stipulated that in many of these cases that he had done so recklessly or knowingly.  Hence, we conclude that Ruybalid's fees and costs were not incurred in the discharge of his official duties.  Because all three elements of the DA Expense Statute must be established for a district attorney to be entitled to reimbursement, Ruybalid is not entitled to reimbursement under the DA Expense Statute.

¶18    Our conclusion today is fact-specific and does not mean that a district attorney may never recover attorney's fees and costs incurred while defending allegations of an ethical violation.  To the contrary, in many instances the costs associated with defending allegations of an ethical violation would meet the three elements of the DA Expense Statute, and therefore it would be the responsibility of the counties constituting a judicial district to assume the expenses incurred by its district attorney when such an

---

[7] This conclusion is consistent with the holding in *Colorado Counties*, but *Colorado Counties* is not dispositive because it involved a tort claim.  51 P.3d at 1101.  *Colorado Counties* involved a district attorney who sought indemnification under the DA Expense Statute for the defense and settlement expenses that he incurred while defending a wrongful termination lawsuit brought by one of his former employees.  *Id.*  The court of appeals held that the district attorney was entitled to indemnification.  *Id.* at 1102.  In reaching this holding, the *Colorado Counties* court concluded that the DA Expense Statute extended beyond the mere day-to-day activities of a district attorney.  *Id.*

event occurs. This distinction reflects the reality that an allegation of an ethical violation can be the byproduct of the adversarial system and is thus beyond the control of the district attorney. In Ruybalid's case, however, he committed ethical violations recklessly and knowingly and, therefore, these ethical violations were completely within his control.[8]

## C. Ruybalid Failed to State a Claim for Relief

¶19 Ruybalid argues that because *Warne v. Hall*, 2016 CO 50, 373 P.3d 588, had not been decided when he filed his complaint, the lower courts should have allowed him to file an amended complaint that complied with *Warne* instead of dismissing his case. In *Warne*, this court adopted the "plausible on its face" pleading standard for making a claim under C.R.C.P. 8(a)(2) as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), thereby mirroring the U.S. Supreme Court's abandonment of the previous "no set of facts" pleading standard. *Warne*, ¶ 12, 373 P.3d at 592. In adopting the plausibility standard in *Warne*, we acknowledged that justice required that Warne be given an opportunity to amend her complaint because she had no prior notice of the new pleading requirements. *Id.* at ¶ 29, 373 P.3d at 597 (citing C.R.C.P. 15(a)). Ruybalid argues that he should also be permitted to amend his

---

[8] We recognize that Ruybalid's stipulation expressed that his mental state during some of the ethical violations was negligent. However, nowhere is it delineated which of the ethical violations were committed negligently. Due to the scope and breadth of the ethical violations in this case, we conclude that the negligent conduct mentioned in the stipulation does not change our analysis.

complaint because *Warne* was decided over four months after he filed his complaint. We disagree.

¶20 The justification that permitted Warne to amend her complaint is absent in Ruybalid's case. In *Warne*, we did not conclude that Warne had no legal basis for her lawsuit. Instead, we concluded that Warne had failed to provide sufficient evidence that the defendant "improperly" induced a party to breach a contract, an element of her claim of intentional interference with a contract. *Id.* at ¶¶ 25–27, 373 P.3d at 595–96. Here, in contrast, we are concluding that there is no legal basis for Ruybalid to recover his attorney's fees and costs. Thus, unlike in *Warne*, there is no new evidence that Ruybalid could include in an amended complaint that would satisfy the "plausible on its face" standard. Therefore, justice does not require that Ruybalid be permitted to file an amended complaint.

## IV. Conclusion

¶21 For the foregoing reasons, we affirm the judgment of the court of appeals.

13